ATTORNEY-GENERAL *v.* BURNHAM.

The officers of a school-district hold their offices until others are elected or appointed and qualified; but if the district fails to hold its annual meeting before April 20, the offices are so far vacant that the selectmen may appoint.

INFORMATION, in the nature of a *quo warranto*, praying for due process of law against William D. Burnham, to answer by what warrant he claims to exercise and enjoy the office of prudential committee in school-district number five in Epping.    The following facts were alleged: The respondent has, since the second day of March, 1882, used and exercised, and still continues to use and exercise, the office aforesaid, without warrant or lawful authority therefor.    He claims to hold the office by virtue of an election purporting by the records of the district to have been held at the old school-house in the district, March 2, 1882.    The records show that the respondent, being the prudential committee for the year 1881–'82, issued a warrant for a meeting for the choice of officers, and that an attested copy thereof was posted at the door of the old school-house, February 13, 1882.    The warrant was not in fact posted as set forth in the record, or it was immediately torn down in pursuance of a conspiracy, to which the respondent was a party, to conceal from the voters of the district the time and place of the meeting.    The copy of the warrant was never seen by any of the legal voters of the district, and the time and place of the meeting were not known to any of the voters except such as were privately informed thereof by the respondent, or through his procurement; and only nine voters, or less than one tenth of the whole number, attended the meeting, and they voted for the respondent.    The old school-house was not, at the time of the issuing and posting of the warrant and holding of the meeting, the school-house of the district, but a new school-house had been built for the use of the district.    The respondent demurred.

*Wiggin & Fuller*, for the plaintiff.

*Frink & Batchelder*, for the respondent.

SMITH, J.   As the allegations of the information, which are well pleaded, are admitted by the demurrer, if the question were whether the meeting of March 2, 1882, was a legal meeting, it would be answered in the negative.   A meeting held under a warrant posted at a place other than that designated by statute, or fraudulently removed when posted, for the purpose of preventing the voters from becoming informed of the time and place of meeting, is in effect a meeting without warrant or authority.   The voters are prevented from exercising their statutory right of electing their officers and managing their school-district affairs.   The conspiracy alleged was a fraudulent, if not a criminal, interference with the rights of the district.

The information alleges that at the time of the issuing and posting of the warrant, February 13, 1882, the respondent held the office of prudential committee.   It is the duty of the prudential committee to issue his warrant and post a copy on the door of the school-house of the district between the first Tuesday of January and the second Tuesday of March.   G. L., *c.* 87, *ss.* 2, 3.   If he neglects to perform this duty, a justice, upon application, may issue a warrant in the month of March for the annual meeting, and if the officers are not chosen before the twentieth day of April, a vacancy shall be deemed to exist.   *Ib.,* *s.* 4.   The moderator, clerk, and prudential committee hold their offices for one year, or until others are elected or appointed and qualified in their stead.   *Ib.,* *s.* 10. Whenever a vacancy occurs from any cause, the selectmen, upon application, are required to fill the vacancy, and the officers appointed hold their offices until new ones are legally chosen and qualified.   *Ib.,* *s.* 13.

It is contended that under section 4 the office of prudential committee became vacant April 20, 1882, that in default of an appointment by the selectmen it has remained vacant, and that the exercise by the respondent of the duties of the office since that time has been an usurpation.   But the proper construction of sections 4, 10, and 13, taken together, authorizes the incumbent of the office for the preceding year to hold it until his successor is elected or appointed and qualified.   Such is the language of section 10.   In the absence of any express provision to that effect, the statute should be construed, if it reasonably can be, so as to prevent a vacancy in the office and an interruption in the management of the school affairs of the district.   It was the intention of the legislature that if the district fails to hold its annual meeting before April 20, the offices may be deemed so far vacant that the selectmen may, upon application, appoint persons to perform the duties, but that in default of such appointment, or of an election, the incumbents of the preceding year shall hold over, in order that there may be no interruption in the management of the affairs of the district.   After April 19 they are to be regarded rather as temporary occupants of the offices, liable at any moment to be dis-

placed by the appointees of the selectmen, or at the next annual meeting, if none are appointed.  *Smoot* v. *Somerville*, 59 Md. 84.

The conclusion is, that since March 2, 1882, the respondent has been rightfully exercising the duties of the office of prudential committee of the district.

*Information dismissed.*

All concurred.