[Civil No. 4260. Filed July 1, 1940.]

[104 Pac. (2d) 156.]

L. C. HOLMES, SAM W. PROCTOR and LYNN LOCKHART, Industrial Commissioners of Arizona, Plaintiffs, v. ANA FROHMILLER, as Auditor of the State of Arizona, Defendant.

Messrs. Baker & Whitney and Mr. Lawrence L. Howe, for Plaintiffs.

Mrs. Ana Frohmiller, Defendant, *in Propria Persona.*

ROSS, C. J.—This is an original proceeding in *mandamus* by L. C. Holmes, Sam W. Proctor and Lynn Lockhart, members of the Industrial Commission of Arizona, to compel Ana Frohmiller, State Auditor, to issue warrants on the state treasurer for their salaries at the rate of five thousand dollars per annum instead of four thousand dollars, or, rather, for the difference between these two sums.

Under the law, the members of the commission are appointed by the governor, by and with the advice of the Senate, for a term of six years, but such terms are not coterminous, each being so appointed as that the term of one expires every two years. Sec. 1391, Revised Code, 1928.

The basis for the claim to the higher salary is chapter 45, Laws of 1939, passed and approved as an emergency measure on March 9, 1939, and which provides that ''Each commissioner shall receive an annual salary of five thousand dollars.'' It is argued that this act, when taken in connection with section 17, part 2, article IV of the Constitution, which prohibits the increase or decrease of the compensation of any public officer ''during his term of office,'' except

''when any legislative increase or decrease in compensation of the members of any court, board or commission, composed of two or more officers or persons, whose respective terms of office are not coterminous, . . . shall hereafter become effective as to any member of such court, board, or commission, it shall be effective from such date as to each of the members thereof,''

clearly entitles the members to the increase from the time of Lockhart's appointment and qualification; or, if not, then certainly from the time of Holmes' appointment to the term beginning January 8, 1940.

■ Lockhart was appointed to the term beginning January 8, 1938, and running for six years. The appointment was made March 9, 1939 (and before the increase), after a little more than a year of the term had run. When the term to which he was appointed commenced, the salary was four thousand dollars per annum. If he had been appointed and had qualified the first day of that term, certainly he could not claim the increase. Nor do we think it makes any difference that he was appointed after a part of the term had run. The prohibition in the Constitution is against any increase during the term, and where there are different tenures during the term the prohibition is against the increase in the compensation of each incumbent. *Clark* v. *Frohmiller,* 53 Ariz. 286, 88 Pac. (2d) 542. The increase as provided in chapter 45, *supra,* was ineffective as to Lockhart and, therefore, the auditor was right in refusing to draw her warrant for such increase from March 9, 1939.

■■ It is very different, however, under the appointment of commissioner Holmes, who was an appointee to the term commencing January 8, 1934, and ending January 8, 1940. The governor appointed him to another term commencing January 8, 1940, and running until January 8, 1946. This last appointment has not been confirmed by the Senate, that body not having been in session since the appointment. The auditor seems to think that the beginning of the term should date from the time of the Senate's approval of the appointment. The term is fixed by the statute and in no way depends upon who or how many may occupy the office during the term. If the legislative increase

was made before the term commenced, it is effective as to the incumbent whether he has received the approval of the Senate or not. As before stated, the prohibition is against an increase of compensation during the officer's term of office. The increase sought was given the office of commissioner nearly a year before the term to which Holmes was appointed commenced.

There can be no question but that the salary increase took effect as to all three of the commissioners on January 8, 1940, as provided in the Constitution. It follows that the alternative writ of *mandamus* is made peremptory.

LOCKWOOD and McALISTER, JJ., concur.