CALVERT E. CASEY *vs.* GRAFTON H. WILLEY, III.

MAY 14, 1959.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

88

Powers, J. This is a petition in equity in the nature of quo warranto to determine the respondent's claim of title to the office of clerk of the superior court for the counties of Providence and Bristol. The petition was brought in this court pursuant to the provisions of general laws 1956, §10-14-1, and was heard on the following agreed statement of facts:

"1. In January, 1953 Matthew M. McCormick was duly appointed clerk of the superior court for the counties of Providence and Bristol, pursuant to General Laws (1938) C. 489, s. 4, Clause A; and duly qualified.

"2. Matthew M. McCormick was not re-appointed to said office, but after February 1, 1955, and until his decease on March 12, 1959, continued to hold said office under that sentence of General Laws (1938) C.

489, s. 4, Clause A, and General Laws (1956) 8-4-5, which provides, "The persons so appointed shall hold office until the first day of February in the second year next after their appointment and until their successors are appointed and qualified.'

"3. Matthew M. McCormick deceased in office on March 12, 1959.

"4. On March 13, 1959, petitioner was duly appointed clerk pro tempore pursuant to General Laws of Rhode Island (1956) 8-4-12, duly qualified as such, and assumed the office and functions of clerk pro tempore.

"5. On March 17, 1959, the governor of this State, acting pursuant to General Laws (1956) 8-4-6, appointed respondent clerk of said superior court to fill the vacancy in said office. Respondent has since performed all acts necessary to qualify for said office if his said appointment were made under proper statutory authority.

"6. On March 17, 1959 respondent duly claimed the office to which he had been appointed, and purported to act as clerk until restrained by order of this Honorable Court. Said order was issued at the instance of petitioner, who had been in the exercise of his office of clerk pro tempore, and who refused to recognize the validity of respondent's appointment on the ground that it had not been made in the manner provided by General Laws of Rhode Island (1956) 36-1-10."

The parties further agreed that the general assembly was in session at all times material to the issue before us.

The attorney general of Rhode Island was permitted to intervene as amicus curiae on the ground that a public interest was involved.

The petitioner does not contend that his appointment as clerk pro tempore by the presiding justice of the superior court pursuant to G. L. 1956, §8-4-12, forecloses the right of legally constituted authority to fill the vacancy in the office of the clerk resulting from the death of Matthew M. McCormick for the term of the office expiring on February 1, 1961. Such a contention would be untenable. Section

8-4-12 provides: "In cases of the death, resignation, absence, inability, or refusal to serve of any of said clerks, the chief justice, or the presiding justice of the court in which the same occurs, may appoint a clerk pro tempore, who shall hold his office until the clerk shall have returned or the inability shall have been removed or another clerk shall have been appointed to fill such vacancy, and shall have qualified."

It is clear from a comprehensive appreciation of the several and various contingencies which might arise, so as to leave the court without someone to function in the absence of the clerk, that the legislature intended to provide an expeditious method for the appointment of a temporary incumbent. Such an incumbent, however, although clothed with the authority to perform the functions and duties of the clerk and receiving the emoluments therefor during his tenure, would be without permanent status.

This conclusion has historical support. The first enactment of provisions akin to §8-4-12 that we have been able to discover appears in public laws 1844, page 95, "An Act establishing Courts of Common Pleas." The 1844 statute also contains the first provision for the appointment of clerks by the general assembly in grand committee, a method and authority which were not surrendered by the legislature to the executive until 1936.

The legislature quite obviously recognized that for a considerable portion of the year it would not be in session to fill a vacancy arising in the office of the clerk and thus provided a method for the appointment of a temporary incumbent to the end that the sessions of the court would not be disrupted pending the reconvening of the general assembly.

In December 1936 a special session of the legislature enacted chapter 2441, now G. L. 1956, §§8-4-5 and 8-4-6. Section 8-4-5 substituted the appointment of superior court clerks by the governor, under certain conditions, for

the previous method of election by the grand committee. Section 8-4-6 provided for the filling of a vacancy in said office by the governor. The exact language of that section will be hereinafter fully set forth.

It is not seriously argued that §8-4-12 was repealed by the enactment of P. L. 1936, chap. 2441, and in our opinion such an argument would be without merit for reasons which we will discuss in connection with petitioner's contention that respondent's purported appointment by the governor was invalid.

We are of the opinion that on the death of the incumbent Matthew M. McCormick a vacancy occurred which might be properly filled by the appointment of a clerk pro tempore by the presiding justice under the provisions of §8-4-12. The parties are agreed that the presiding justice properly exercised his authority under §8-4-12 and that petitioner was duly appointed clerk pro tempore. It follows that petitioner is still the legal incumbent of the office of clerk pro tempore unless respondent's appointment by the governor resulted in filling the vacancy as contended by respondent.

The statutory authority invoked by the governor and on which respondent principally relies for the validity of his appointment, namely, §8-4-6, provides: "In case of a vacancy in the office of clerk of the superior court for the counties of Providence and Bristol, or in the office of clerk of the superior court of either of the counties of Newport, Washington or Kent, from any cause, the governor shall appoint some person to fill such vacancy for the balance of the *unexpired term,* and until his successor is appointed and qualified." (italics ours)

The petitioner contends that respondent's appointment by the governor was defective for the reason that Matthew M. McCormick, not having been duly appointed in January 1959, was at the time of his death a mere holdover and no *unexpired term* existed as required by §8-4-6. However,

respondent argues that an *unexpired term* is not a prerequisite to a valid exercise by the governor of his right to fill a vacancy within the meaning of the section on which he relies.

The respondent argues that the original enactment of the provisions of §§8-4-5 and 8-4-6 demonstrates that whether a vacancy occurs during an unexpired term or otherwise is not material. Section 8-4-5 provides: "In the month of January in each odd-numbered year, the governor, with the advice and consent of the senate, shall appoint a clerk of the superior court for the counties of Providence and Bristol, and a clerk of the superior court for each of the counties of Newport, Washington and Kent. The persons so appointed shall hold office until the first day of February in the second year next after their appointment and until their successors are appointed and qualified."

These two sections were first enacted by P. L. 1936, chap. 2441. The provisions of §8-4-5 were set forth in section 1 thereof as clause A of sec. 6, and the provisions of §8-4-6 as clause B. The respondent concludes that the clear intendment of the legislature in enacting chap. 2441 was to vest in the governor the right to appoint superior court clerks, subject to confirmation by the senate, for the term commencing February 1 in each odd-numbered year with exclusive authority to fill vacancies resulting from any cause.

The petitioner argues that the close relationship of §§8-4-5 and 8-4-6, as originally constituting two separate paragraphs of the same section, serves to emphasize his contention that the legislature intended §8-4-6 to apply only to a vacancy resulting during the term of an incumbent appointed pursuant to §8-4-5.

It is to be observed that prior to the enactment of P. L. 1936, chap. 2441, superior court clerks were elected in grand committee for a three-year term which overlapped that of the governor. The effect of the 1936 statute was to synchro-

nize the term of the governor and the term of the superior court clerk so as to give a newly elected governor the opportunity to appoint a clerk whose term would be virtually simultaneous with his own. Thus, petitioner argues that the authority of the governor to fill a vacancy would apply only where the deceased or retiring incumbent was one appointed by him. He contends that §8-4-6 was not intended to apply in any other situation.

On the other hand, respondent argues that the words "for the balance of the unexpired term" merely indicate that an appointee under §8-4-6 may serve only so long as the prior incumbent could have served, not for a new, full term. He cites *People ex rel. v. Osborne,* 7 Colo. 605, 611, and *State* v. *Lane,* 16 R. I. 620. Neither of these cases is in point. In the Colorado case the court was interpreting the meaning of the phrase "and the appointee shall hold *only* for the unexpired term of the person whose place he is appointed to fill." (italics ours) It is not necessary to discuss the qualifying effect of the word "only" as it appears in the Colorado statute. It is sufficient to note that it is absent here. In *State* v. *Lane,* this court held that where there were two full terms for school committeemen to be filled by the town council and one unexpired term of one year, the council was without authority to elect all three committeemen for a full term of three years; that one of them could be elected only for the unexpired term of an incumbent who had resigned. Manifestly that case furnishes no aid in determining the legislative intendment of the words "for the balance of the *unexpired term*" in §8-4-6. (italics ours)

If these words, as they appear in such statute, were deleted the provision would read: "In case of a vacancy in the office of clerk of the superior court for the counties of Providence and Bristol, from any cause, the governor shall appoint some person to fill such vacancy until his successor is appointed and qualified." Obviously if the statute were

intended to give the governor the right to fill a vacancy only until the commencement of the next term such deleted words would be unnecessary. The same result, if such were intended, would be reached if the legislature had omitted the word "unexpired." We must give meaning to these words, for it is not within our province to delete them as mere surplusage when the section, read in its entirety, demonstrates that they are significant. *Carlson* v. *McLyman,* 77 R. I. 177.

We are of the opinion that the legislature intended the words "for the balance of the unexpired term" to limit the authority of the governor to fill a vacancy in the office of clerk of the superior court resulting from the death of an incumbent who had been duly appointed or elected to a definite term and not, as respondent contends, for the purpose of limiting the time for which such appointee would serve. The word "unexpired" controls the situation and it precedes in the context the word "term" so as to modify it and not the word "balance." We must presume that the legislature intended the juxtaposition to connote its ordinary meaning.

The respondent further contends that if in the opinion of this court the existence of an unexpired term were a prerequisite to his appointment under the provisions of §8-4-6, nevertheless the appointment was valid for the reason that an unexpired term existed at the time of his appointment. It is the position of respondent that the words "unexpired term" refer to the office and not to the officer and that although the term of the clerk under §8-4-5 is from February 1 in an odd-numbered year through January 31 of the next succeeding odd-numbered year, nevertheless there is always an unexpired term in the office, since one term succeeds another without intervening vacancies in the term of the office. He cites *State ex rel. Tanner* v. *Perry,* 18 R. I. 276, where at page 278 this court stated: "When the time limited for elections has expired without a choice, no one

is or can be 'legally chosen' to fill the place and so the incumbent holds the office for the succeeding term. The office, therefore, is not and does not become vacant. The provision in the statute is not for cases of non election generally, but only for cases whereby 'the office shall become or be vacant.' "

This contention is without merit. We think it is clear that the words "unexpired term" as used in §8-4-6 obviously refer to the term of the clerk and not to the office of clerk. If we were to accept the latter construction as the correct one, it would follow that there could never be a vacancy in the office, since we agree with respondent that the term of the office goes on without interruption and the words are related to the filling of a vacancy. In our opinion the words "unexpired term" must refer to an officer and not to the office, because they could hardly apply to a future term. *State ex rel. Tanner* v. *Perry* simply follows the well-settled doctrine that where the term of an officer is for a period of years and until his successor is elected and qualified, no vacancy results in the office by reason of the failure to elect a successor at the time provided by law, since the incumbent continues to hold over until his successor is duly elected and qualified. It is in keeping with respondent's contention that the *office* is never without a term. In the instant case the officer is appointed rather than elected, but the application of the doctrine is not affected thereby.

We are of the opinion, therefore, that the purported appointment of respondent by the governor was invalid for the reasons that §8-4-6 is operative only where an unexpired term exists and Matthew M. McCormick, having been appointed in January 1953 to serve through January 31, 1955 and not thereafter having been reappointed, was serving merely as a holdover at the time of his death.

Our research discloses that prior to the enactment of the constitution and thereafter until the enactment of P. L. 1936, chap. 2441, the appointment or election and the fill-

ing of vacancies in the office of superior court clerks was the exclusive prerogative of the general assembly. See 3 Field, A History of Rhode Island and Providence Plantations at the End of the Century, chapter II, "The Struggle for Judicial Supremacy"; also P. L. 1844, "An Act establishing Courts of Common Pleas," sec. 9, at page 97, and Constitution of Rhode Island, article IV, sec. 10. It is not tenable that the general assembly surrendered its prerogative to the governor without intending that he should exercise it only in strict adherence to the conditions imposed.

It is our understanding that although respondent primarily claims title to the office of clerk for the remainder of the term expiring February 1, 1961, he does not waive any right that he may have as a temporary appointee by virtue of the governor's constitutional power to fill certain vacancies as provided in article VII, sec. 5, of the state constitution. The respondent contends that if the governor was powerless to act under the provisions of §8-4-6 he was, nevertheless, authorized to fill the vacancy under that provision of the constitution, which reads: "He may fill vacancies in office not otherwise provided for by this Constitution or by law, until the same shall be filled by the general assembly, or by the people."

We do not agree with this contention. In an opinion to the governor, *In re Filling of Vacancies by the Governor,* 28 R. I. 602, this court held that the authority of the governor to fill vacancies was limited to those vacancies occurring in an office to which the officer was elected for a definite term either by the people or by the general assembly. At page 606 this court stated: "It is only a power given to the executive for general convenience in case some other custodian of it has not been provided, and it is only for a temporary purpose—until the normal elective power shall act."

Although the office of the clerk of the superior court is clearly of that class to which the governor's constitutional

authority relates, he is precluded from making an appointment of a temporary nature in the instant case for the reason that the legislature has provided for another custodian of such power, namely, the presiding justice. G. L. 1956, §8-4-12.

We are of the opinion that the respondent has no claim to the office of clerk of the superior court for the counties of Providence and Bristol, and that the petitioner is entitled to act in the place of the clerk by virtue of his appointment as clerk pro tempore by the presiding justice of the superior court until a clerk shall be chosen pursuant to law.

The petition is granted, and on May 20, 1959 a decree in accordance with this opinion may be presented for entry by the court.

PAOLINO, J. and FROST, J. concur in the result.

*Raymond E. Jordan, William A. Curran,* for petitioner.

*Jacob S. Temkin, Samuel A. Olevson,* for respondent.

*J. Joseph Nugent,* Attorney General, as amicus curiae.