Request of Governor and Council,
No. 6556.

OPINION OF THE JUSTICES.

December 21, 1972.

The following resolution was adopted by the Governor and Council and filed in this court on December 13, 1972: "WHEREAS, (I) we have today appointed a Director of Economic Development to be effective on December 29, 1972, for a term of four years from that date, under the authority vested in us by RSA 12-A:3;

"(II) The present incumbent in this office was appointed to a term which expired on April 1, 1970, and has continued to hold office under the provision of RSA 12-A:3 that he shall serve until his successor is appointed and qualified;

"(III) RSA 12-A:3 provides in part that each of the officials named in it '... shall serve ... for a term of four years from the date of his appointment and until his successor is appointed and qualified,' with '[a]ny vacancy in such office ... [to] be filled for the unexpired term in the same manner as the original appointment;'

"(IV) A question has arisen whether the present appointment may be for a full term of four years as we have presently provided or whether it may be only for a period expiring on April 1, 1974; and

"(V) If we have miscalculated the term of this appointment we desire to amend the same prior to the expiration of our own term, and desire as well to amend any miscalculated provisions for the duration of terms of other appointments made by us during our present term, in which endeavor the guidance of the Justices of the Supreme Court in the present circumstances would be most valuable;

"NOW THEREFORE BE IT RESOLVED that the Justices of the Supreme Court be respectfully requested to give their opinion on the following important questions of law:

"(1) When the term of an officeholder under RSA 12-A:3 has expired and the officeholder remains in office for some period of time 'until his successor is appointed and qualified,' may the reappointment of the officeholder or the appointment of his successor be made for a full term of four years from the date of that reappointment or appointment, respectively?

"(2) If the answer to the foregoing question is "no," how should the duration of the term of reappointment or appointment, respectively, be computed?

"AND BE IT FURTHER RESOLVED that the Secretary of State be directed to transmit six attested copies of this resolution to the Clerk of the Supreme Court."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court submit the following answers to the questions contained in your resolution submitted to this court on December 13, 1972:

Your inquiry presents the question of whether the appoint-

ment of a successor to an incumbent in the office of director of economic development should be made for a term which expires four years from the date of appointment of the successor, or for a term which expires four years from the date of expiration of the four-year term of the incumbent, which in this instance was April 1, 1970.

RSA 12-A:3 provides that the director shall serve "for a term of four years from the date of his appointment and until his successor is appointed and qualified." The provision that an incumbent shall serve beyond the stated term of four years is obviously designed to prevent any hiatus in the functioning of the office. 63 Am. Jur. 2d Public Officers and Employees *s*. 160 (1972); *see Attorney General* v. *Burnham*, 61 N.H. 594 (1882). We see no reason to assume that it was also intended to postpone the beginning of the next four-year statutory term of office. The statute fixes the term of the office, not of the appointee. We do not consider that it extends the term to include a period of holding over. Hence that period will fall within the following four-year term.

While the provisions of RSA 21:34 are not free from ambiguity as applied to the appointment of a successor to one holding over beyond his term, they indicate with reasonable clarity that the vacancy is "created" at the end of the stated four-year term. Thus the vacancy is in the succeeding term of four years which then commences. RSA 12-A:3 provides that the vacancy "shall be filled for the unexpired term ...." It follows from these statutory provisions that the appointment in question should be made for the unexpired balance of the succeeding term which will expire on April 1, 1974. *See Delaware River Port Auth.* v. *Hughes*, 46 N.J. 451, 217 A.2d 865 (1966).

This interpretation appears to be consistent with the construction given to the statutes in practice, by the officers of the State charged with their application since RSA 21:34 was enacted in 1943. Laws 1943, *c.* 39; *see* N.H.H.R. Jour. 63 (January 7, 1943). *See also Wyatt* v. *Board of Equalization*, 74 N.H. 552, 570 (1908). Moreover if the appointment of a successor for a full four-year term, regardless of when made, were intended to be authorized, the reason for so providing would be stronger in the case of filling with a

new appointee a vacancy unexpired by reason of death or resignation of an incumbent, than it would be in the case of an appointment following a period of holding over, when the incumbent might be reappointed. Yet the statute plainly requires the appointment in the former case to be made for the balance of the unexpired term. RSA 21:34. It is our opinion that consistency imports implication of a like requirement in the latter case.

In our opinion the answer to your first question is "No"; and the answer to the second question is that the duration of the term of the successor should be the unexpired balance of a four-year term which commenced in this case on April 1, 1970.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

December 27, 1972.

*Joseph M. Eaton,* representative of the General Court, *Charles G. Douglas III,* for Governor-elect Meldrim Thomson, Jr., and *James H. Hayes,* Executive Councillor, for negative answers.

*Warren B. Rudman,* attorney general, and *David H. Souter,* deputy attorney general, for affirmative answers.