309 A.2d 17.

JOSEPH E. AUGE *vs.* ARTHUR ANDERSON *et al.*

AUGUST 22. 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

KELLEHER, J. This is a petition for a writ of quo warranto in which the petitioner seeks a reversal of his dismissal by the Coventry Town Council as the town's building inspector.

The record certified to us shows that petitioner was appointed building inspector in March, 1972. The town's building code states that an individual appointed to the post of building inspector should have had at least "five (5) years building experience as a licensed professional engineer or architect, building inspector, contractor or superintendent of building construction." Section 107.5. The code further stipulates that three of the five years experience should have been spent in a supervisory capacity and that the appointee be generally informed as to the proper design and construction of buildings, the basic principles of fire protection, the accepted requirements of means of egress, the installation of elevators and other equipment necessary for the health, safety and general welfare of the occupants.

Things went well for petitioner until December 1, 1972. On that date, he received a written notice from the president of the town council informing him that his employment was to be terminated on December 4 because he did not possess the qualifications set forth in the code. The notice told petitioner that he could, if he wished, have a hearing on his discharge. The petitioner asked for a hearing and it was held on December 14. What went on at the hearing forms the basis for this present proceeding.

When the hearing began, the town solicitor asked petitioner to come forward as the council wanted to ask him some questions concerning his qualifications. At that point, petitioner's counsel informed the council that he had instructed his client not to offer any testimony unless it was in rebuttal to evidence presented by the town. The council recessed and when it reconvened, it fired petitioner. In his remarks announcing the council's decision, the president stated that the council felt it had a right to ask petitioner about his qualifications and that his refusal left it with no alternative but dismissal.

The Coventry code makes it clear that the building inspector can be fired only "for cause." "Dismissal only for cause" guarantees a municipal officer or employee (1) written specification of charges; (2) a hearing with an opportunity to offer evidence in his behalf; and (3) a determination as to the sufficiency of evidence to warrant his removal. *Riccio v. Town Council,* 109 R. I. 431, 286 A.2d 881 (1972). However, in quo warranto proceedings the petitioner has the burden of establishing that he was illegally removed from the office in question. *Jackvony ex rel. v. Berard,* 66 R. I. 290, 18 A.2d 889 (1971); *Gorham v. Robinson,* 57 R. I. 1, 186 A. 832 (1936). The petitioner claims that his dismissal was arbitrary and capricious, totally lacking in reason, and without warrant in law. We disagree.

We are not concerned here with any fifth amendment right of petitioner. The governing board of any municipality has a duty to see to it that only properly qualified individuals are holding positions within the local government. The United States Supreme Court has ruled that a public employee can be discharged if he refused to answer questions specifically and directly relating to his official duties, provided the inquiries do not force him to surrender his constitutional rights. *Uniformed Sanitation Men Ass'n v. Commissioner of Sanitation,* 392 U. S. 280, 88 S.Ct. 1917, 20 L.Ed.2d 1089 (1968). A public employee can within certain limits be compelled to answer questions concerning his job and qualifications. *Turley v. Lefkowitz,* 342 F. Supp. 544 (W.D. N.Y. 1972); *Bowes v. Commission to Investigate Allegations of Police Corruption,* 330 F.Supp. 262 (S.D. N.Y. 1971).

There is, of course, the presumption that when the council in March, 1972 appointed petitioner as Coventry's building inspector, it had investigated his qualifications and found that he was qualified for the job. Such a

presumption is not evidence. *Colangelo* v. *Colangelo*, 46 R. I. 138, 125 A. 285 (1924). When a public employee refuses to answer questions concerning his qualifications, an inference can be drawn that the testimony which he would have given would have been adverse to his interest. *Nuss* v. *New Orleans Police Department*, 149 So.2d 656 (La.App. 1963). When petitioner refused to list his qualifications, the presumption of regularity which applied to his appointment disappeared and was replaced by an inference that he was not qualified to be the building inspector.

The petitioner's failure to state his qualifications when asked to do so by the town solicitor supplied the necessary evidence which warrants his dismissal. However, the status of the record is uncertain as to the exact reason the council dismissed the petitioner. Was it lack of qualifications or insubordination in refusing to answer that caused his dismissal? In *Hooper* v. *Goldstein*, 104 R. I. 32, 241 A.2d 809 (1968), we emphasized that administrative boards must disclose the factual findings and determinations upon which their ultimate decision is based. Failure of a board to do this, we said, justifies a remand. In view of our finding that the petitioner's dismissal could be based upon either one of two grounds, a remand for clarification would be an exercise in futility. The council should, however, upon receipt of the record from us, amend it so that there will be no doubt as to what led it to dismiss the petitioner.

The petition of quo warranto is denied and dismissed.

Mr. Justice Joslin did not participate.

*Richard R. Del Sesto,* for petitioner.

*Frank J. Williams,* Town Solicitor, *Tillinghast, Collins & Graham, David T. Riedel,* for respondents.