Diane L. SEEMANN

v.

Henry S. KINCH, Jr.

No. 91–363–M.P.

Supreme Court of Rhode Island.

April 16, 1992.

Thomas Liguori & Urso, Westerly, for plaintiff.

Casby Harrison, III, Sheldon Whitehouse, Office of the Governor, for defendant.

OPINION

FAY, Chief Justice.

This is a petition in equity in the nature of quo warranto to determine the rightful

holder of title to the office of Superior Court Clerk of Washington County. Diane L. Seemann (petitioner) brought this petition to oust Henry S. Kinch, Jr. (respondent), and recover title to the office, claiming that the Governor did not have the statutory authority to make a proper valid appointment to the clerk position while the Senate was not in session. The petitioner also seeks to have this court reinstate her as rightful holdover until her successor is validly appointed and confirmed. The respondent, appointed by the Governor and having taken the oath of office, maintains that the Governor possessed the authority necessary to appoint him validly to the position of clerk, subject to subsequent confirmation by the Senate once it reconvened. We find that the Governor's appointment of the respondent was valid, and once the respondent qualified, the petitioner no longer had title or a vested interest in the office. The relevant facts are as follows.

On March 7, 1986, petitioner was appointed to and qualified for the office of clerk of the Superior Court of Washington County to serve a five-year term ending on February 1, 1991, in accordance with G.L.1956 (1985 Reenactment) § 8–4–5. As of February 1, 1991, the Governor had not yet named a successor to the position, and petitioner remained as a holdover in office. On May 29, 1991, petitioner was notified by letter from the Governor's office that she would not be reappointed to the position, that a replacement was being named, and that her hold-over term would expire on July 1, 1991. On July 10, 1991, petitioner was notified that her last day of work would be July 12, 1991, and that she would be replaced by respondent. On July 12, 1991, the Governor appointed respondent to the position and administered the oath of

office to him.[1] The bond requirement was satisfied according to the blanket provision in effect for such appointees in office.[2]

The respondent took office on that day and has since been acting in that capacity. On July 12, 1991, the Senate was not in session, having adjourned on June 12, 1991. Because no special session was called, respondent was therefore not confirmed with the advice and consent of the Senate at the time he entered office.[3] The petitioner filed a petition in equity in the nature of quo warranto, requesting that this court determine with whom legal right and interest in the office vested when the Senate was not in session and able immediately to confirm or deny the Governor's appointment to the position. The petition contained a request for injunctive relief to prevent respondent from being sworn in to succeed petitioner as clerk. This request was heard on July 12, 1991, and denied on July 24, 1991. The petition on its merits was assigned to the regular calendar for full briefing and argument.

The petitioner asserts that as holdover to the office, she maintains title to the office because no successor was duly appointed and qualified, which she asserts is mandated by statute. The petitioner argues that respondent is therefore not able legally to maintain title to exercise the duties of clerk. Because the appointment and respondent's holding of the position are illegal and void, petitioner contends that she should be confirmed as the rightful holdover until a successor is properly appointed and confirmed. The petitioner maintains that no vacancy in the office occurred and that the Governor cannot make an interim appointment pending Senate confirmation. The petitioner further contends that if the person who is holding over vacates the

---

1. The oath states the date to be June 12, 1991, and also July 12, 1991, according to the attestation date on the oath. The Governor and respondent both state that the date was July 12, 1991. Although there is some discrepancy between the dates, this issue is not significant to our consideration.

2. The present law governing bonding for clerks is set forth in G.L.1956 (1988 Reenactment) § 42–20–9, providing: "All clerks of courts shall be bonded either by a surety bond covering an

individual employee or position schedule bonds covering any group or groups of employees or positions, or both." The respondent states that there exists a faithful-performance blanket bond applicable to all state employees, administered by and through the director of administration from April 1, 1991, to April 1, 1992.

3. The respondent was subsequently confirmed by the Senate on February 6, 1992.

office, the presiding justice of the Superior Court is statutorily empowered to make the interim appointment. The petitioner asserts that the incumbent holds over in office until the Governor's appointment is confirmed by the Senate. The petitioner maintains that no vacancy existed in the office during the unexpired term of the incumbent, but that if there had been, the Governor would have been entitled to appoint without Senate confirmation for the unexpired term. This situation is different, petitioner argues, because the term has expired and she is merely a holdover. The petitioner maintains that Rhode Island law does not recognize an interim appointment pending Senate confirmation, especially when the Senate is not in session. The respondent and the Governor assert that the appointment of respondent ended petitioner's tenure and right to the office, granting title to the office in the appointee upon his being appointed and qualified. We find that the Legislature intended existing title to the office to cease once an appointee had been appointed and qualified for the position, thereby creating a vacancy. Title vests in the appointee as clerk pro tempore, duly qualified, but during an interim period such title is subject to subsequent confirmation by the Senate. If confirmed, permanent title for the entire statutory five-year term then vests in the respondent-appointee.

■ When a party who has been ousted challenges the legal entitlement of another to a position in a quo warranto proceeding, the petitioner bears the burden of establishing that he or she was illegally removed. *Jackvony v. Berard,* 66 R.I. 290, 294, 18 A.2d 889, 891 (1941). *See Auge v. Anderson,* 112 R.I. 296, 298, 309 A.2d 17, 19 (1973). When questions of fact exist in the petition, this court is to weigh the evidence in resolving these questions. *Jackvony,* 66 R.I. at 298, 18 A.2d at 893. When the newly appointed party, the respondent in this action, has a certificate of the appointment to the office from the proper appointing power, the petitioner bears the burden of establishing by a fair preponderance of the evidence that the respondent is not entitled to the office and

should be ousted and that the petitioner is the rightful holder of the office. *McGroarty v. Ferretti,* 56 R.I. 152, 161–62, 184 A. 508, 512 (1936). This court has stated:

"[W]here a petitioner seeks permission to file a petition in equity under the statute without the intervention of the attorney general, the primary issue must be the right of the petitioner to the office; and the petitioner in his petition must allege claim to it, and facts in support of such claim, or he will not be heard. In such a proceeding the petitioner can prevail only on the strength of his own title and not on the weakness of that of the respondent." *Black v. Cummings,* 62 R.I. 361, 372–73, 5 A.2d 858, 863 (1939).

Section 8–4–5 mandates the general process for appointing Superior Court clerks, providing:

"Appointment, terms and salaries of superior court clerks.—In the month of May, 1971, and in the month of January in 1976 and in every fifth year thereafter, the governor, with the advice and consent of the senate, shall appoint a clerk of the superior court for the counties of Providence and Bristol, and a clerk of the superior court for each of the counties of Newport, Washington and Kent. The persons so appointed shall hold office until the first day of February in the fifth year next after their appointment and until their successors are appointed and qualified."

Therefore, an incumbent holds the position for five years and thereafter may continue as a holdover until a successor is both appointed and qualified. Appointing is the executive function of naming a party to the position and is performed by the Governor according to statute. The process of qualification of an appointee as a clerk pro tempore consists of the appointee's taking the oath of office and posting a bond for the position before entering office. Section 8–4–13. The advice and consent of the Senate is not part of the qualification process. According to § 8–4–5 the earlier-appointed person holds office for five years and until the appointed successor meets both requirements. Tenure is for a speci-

fied time, expiration of which does not alone create a vacancy. *See* 63A Am. Jur.2d *Public Officers and Employees* § 138 (1984). However, once the two requirements of appointment and qualification are satisfied, the person in whom prior title to the office vested has no remaining interest in the position or further rightful claim to the office. This process creates a vacancy, which vacancy is filled by the duly appointed and qualified person. Title vests in the appointee as a clerk pro tempore, and he or she is thereby authorized to perform and execute the duties of the position. Such interim vesting is subject to final vesting for the entire term once the Senate confirms the appointee—or requires another appointment if the Senate denies appointee approval. The Senate has therefore reserved to itself the power to offer its advice and consent to the appointed party but not to choose the candidate. The Governor possesses the authority pursuant to § 8–4–5 to appoint a candidate to the office of clerk. Pending Senate action, consequently, the appointee, once qualified, takes office temporarily and is authorized to act with its powers and responsibilities.

There is a distinction between a confirmation of an appointment and the appointment itself. *See* 63A Am.Jur.2d *Public Officers and Employees* § 117. Confirmation is a separate and distinct function that makes the appointment of a qualified candidate valid and final, vesting entitlement to the office for the entire statutory term in that appointed person. However, confirmation is not needed to make a valid appointment, thereby creating a vacancy. Pursuant to § 8–4–5 we find that the Governor is vested with the authority to make an interim appointment pending Senate confirmation.

When the statute requires the appointment to be made by the Governor with the advice and consent of the Senate, the Senate retains the review power ultimately to confirm or deny the Governor's selection. When the nominated person is both appointed and qualified, the position becomes vacant, and the possession, term, and tenure of the former holder of office are con-cluded, maintaining no further rightful claim. Pursuant to § 8–4–5 the Governor is entitled to appoint with the advice and consent of the Senate.

The petitioner relies on the case *Casey v. Willey,* 89 R.I. 87, 151 A.2d 369 (1959), in stating that if a holdover vacates the office, the interim appointee is to be appointed by the presiding justice of the Superior Court. In that case there was a hold-over clerk who died while holding over, and both the Governor and the presiding justice of the Superior Court appointed a new clerk to the position. This court found that

> "[a]lthough the office of the clerk of the superior court is clearly of that class to which the governor's constitutional authority relates, he is precluded from making an appointment of a temporary nature in the instant case for the reason that the legislature has provided for another custodian of such power, namely, the presiding justice." *Id.* at 97–98, 151 A.2d at 374.

The court found § 8–4–12 to be the applicable statute, which statute expressly provides:

> "Appointment of clerk pro tempore.— In case of the *death, resignation, absence, inability,* or *refusal to serve* of any of said clerks, the chief justice, or the presiding justice of the court in which the same occurs, may appoint a clerk pro tempore, who shall hold his office until the clerk shall have returned or the inability shall have been removed or another clerk shall have been appointed to fill such vacancy and shall have qualified." (Emphasis added.)

In *Casey v. Willey,* the clear, applicable statute, § 8–4–12, empowered the presiding justice to appoint a clerk pro tempore in the event of the holdover's death. 89 R.I. at 97–98, 151 A.2d at 374. Because none of the enumerated categories in § 8–4–12 are met in the present case, *Casey v. Willey* is clearly distinguishable and § 8–4–12 is therefore inapplicable.

Section 8–4–6 mandates the procedure for the Governor to appoint a Superior Court clerk when a vacancy has occurred during an unexpired term of the former

clerk's office and until such time as a successor is appointed and qualified. As the case *Casey v. Willey* noted, this provision is only applicable when both conditions exist. 89 R.I. at 95, 151 A.2d at 373. Because there was no unexpired term of office in the present case, this statute is inapplicable. Appointment is therefore correctly made by the Governor pursuant to the procedure of § 8-4-5.

■▪ We hold that the office of clerk became vacant once the Governor appointed respondent and he qualified for the position. This activity effectively terminated petitioner's title and tenure in said position. Therefore, if respondent did not receive confirmation by the Senate, a subsequent vacancy would then exist and the Governor would then appoint another candidate. The petitioner would not have any possible reversionary interest in the position. The fact that the Senate is not in session is not dispositive. It could not have been the Legislature's intent that the Governor should refrain from exercising his exclusive executive power to appoint a Superior Court clerk until the Senate would reconvene. Such a restrictive condition would have been clearly and expressly stated within the statute. A hold-over provision is not intended to prolong an incumbent's term indefinitely but only for a reasonable time to enable a successor to qualify by taking the oath and posting bond. *See* 63A Am.Jur.2d *Public Officers and Employees* § 146. The Senate loses nothing in this process because it retains its exclusive overview power to confirm or to deny the appointee's final vesting of the position, without regard to the fact that such review occurs later once the Senate has reconvened. The Senate maintains the authority to make the temporary incumbent permanent for the duration of the statutory term. The Senate cannot postpone its confirmation decision indefinitely by such delay in action in confirming or prevent the Governor from making an interim appointment because the Senate would then possess more power and control over the selection process.

■▪ As this court stated in an advisory opinion regarding appointment of judges, "[W]e agree with those state and federal courts that view the authority of a recess appointee * * * as coextensive with that of regular appointees to the court involved[,]" finding that the interim appointee would hold the judicial office. *Advisory Opinion to the Governor*, 121 R.I. 64, 70–71, 394 A.2d 1355, 1358–59 (1978). This court noted that "[t]he sole, but decisive, difference between recess appointees to the Superior Court and permanent members of that court is that the former must await Senate confirmation before beginning a tenure of normal duration." *Id.* at 71, 394 A.2d at 1359. Further, in *Casey v. Willey*, this court stated that regarding appointing a temporary incumbent, "[s]uch an incumbent, however, although clothed with the authority to perform the functions and duties of the clerk and receiving the emoluments therefor during his tenure, would be without permanent status." 89 R.I. at 91, 151 A.2d at 371. More importantly, however, this court has noted, "[W]e recognize the possibility that the appointee may in fact be refused confirmation by the Senate, but find that fact irrelevant to our ultimate determination." *Advisory Opinion to the Governor*, 121 R.I. at 72, 394 A.2d at 1359. This analogous case provides clear support for the rationale supporting our decision in the present case. When the Senate is not in session and able immediately to confirm an appointee, we find that the interim appointee is entitled to serve until that appointment is acted upon adversely, and if that appointee is confirmed by the Senate, permanent status would as a consequence then be granted.

We are of the opinion that a vacancy was created when the respondent was duly appointed by the Governor and qualified for the office, thereby terminating the petitioner's hold-over term. The Governor acted properly and within his authority in appointing the respondent. We therefore find that the respondent is legally entitled to the office of clerk of the Superior Court of Washington County and that the petitioner has no remaining vested title or right to the office. The respondent was

entitled to act in the office of clerk by this interim appointment as clerk pro tempore by the Governor until he was either confirmed or denied permanent status by the Senate. The petition in equity in the nature of quo warranto is therefore denied and dismissed.