Ronald H. ANDERSEN

v.

Bruce G. SUNDLUN et al.

No. 91–662–Appeal.

Supreme Court of Rhode Island.

May 28, 1993.

**214**

Timothy Dodd, Providence, for plaintiff.

Sue Zanne Worrell, Office of the Governor, Casby Harrison, III, Licht & Semonoff, Providence, for defendants.

## OPINION

SHEA, Justice.

■ In this case the former high sheriff of Providence County has challenged the Governor's appointment of his replacement. He now appeals from the entry of summary judgment against him in the Superior Court.[1] For the reasons that follow we affirm.

On April 4, 1977, Raymond Tempest (Tempest), was appointed by Governor J. Joseph Garrahy to the position of high sheriff of Providence County. In the beginning Tempest served at the pleasure of the Governor under the provisions of G.L. 1956, § 42–29–1. However, during the next legislative session Tempest became subject to a fixed term of ten years, from February 1, 1978, to February 1, 1988. Public Laws 1978, ch. 332, § 1. Three years later, when G.L.1956 (1977 Reenactment) § 42–29–1 was amended again Tempest became subject "without further appointment" to a new specified ten-year term from June 1, 1981, until June 1, 1991, and until a successor was appointed and qualified. Public Laws 1981, ch. 422 § 1.

On or about September 12, 1986, Tempest resigned. Governor Edward DiPrete appointed Ronald H. Andersen (Andersen), plaintiff to the office of high sheriff by a letter dated December 19, 1986, "for the term expiring June 1, 1991." By letter dated August 15, 1991, Governor Bruce G. Sundlun notified Andersen that his term of office as high sheriff had expired on June 1, 1991, pursuant to the provisions of G.L. 1956 (1988 Reenactment) § 42–29–1, and that the Governor would not be reappointing him.

On August 19, 1991, Governor Sundlun administered the oath of office to Donald Miller (Miller) for the ten-year term from June 1, 1991, to June 1, 2001. On September 4, 1991, Miller resigned as high sheriff, and on November 27, 1991, Governor Sundlun administered the oath of office for the office of high sheriff of Providence County to Rene M. Lafayette (Lafayette) for the ten-year term extending from June 1, 1991, to June 1, 2001. Lafayette has qualified and has been performing the duties of the office of high sheriff since that date.

On August 26, 1991, Andersen filed a complaint in the Superior Court against Bruce G. Sundlun in his capacity as Governor, in which he sought injunctive relief against his being replaced. In this complaint Andersen asserted that under the provisions of § 42–29–1 of the General Laws of Rhode Island, he was appointed high sheriff of Providence County on January 2, 1987, and that his term was for ten years and would expire January 2, 1997.

In his amended complaint, Andersen added the claim that his predecessor, Tempest, had never been properly and legally appointed and that, therefore, Anderson could not be characterized as completing the unexpired portion of Tempest's term.

By the time the matter was reached for hearing on the prayer for preliminary injunction, defendant had filed a motion for summary judgment. The parties agreed to consolidate the hearing for preliminary injunction and the hearing on the merits. The defendant's attorney also pressed his motion for summary judgment. The plain-

---

1. The trial justice referred to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure in his bench decision and in the order entered dismissing the complaint. However, defendant had filed a motion for summary judgment, and because the parties called the court's attention to materials outside the pleading, the motion to dismiss under Rule 12(b)(6) was converted into a motion for summary judgment. *See Ewing v. Frank,* 103 R.I. 96, 234 A.2d 840 (1967).

tiff had previously subpoenaed records from the office of the Secretary of State, and he was allowed to present that evidence and further documentation from the Executive Department of Administration at a later hearing on this matter. However, it was defendant's position that the controlling issue was one of law, that is, when Andersen's term expired, and the evidence offered was not relevant to that issue. Andersen alleged that he was appointed high sheriff of Providence County by former Governor DiPrete on January 2, 1987, and that pursuant to the provisions of § 42–29–1 his term of office should expire on January 2, 1997. The only relief asked for was injunctive relief against his being replaced as high sheriff.

On appeal plaintiff argues that the trial justice presumed that the appointment of his predecessor was valid in spite of an alleged lack of supporting documentation concerning Tempest's having qualified for office by filing a bond.[2] Further, he argues that the trial justice abused his discretion when he applied a different standard to him, assuming that plaintiff himself never qualified as high sheriff because he had never filed a properly executed bond. Actually documents subpoenaed from the Department of Administration appear to us to contain a bond in Andersen's name.

■ The lack of an executed bond is not relevant to the issues before us. The only issue in this case is the time when Andersen's appointment to the office ended. The presumptions by the trial justice about Tempest's or Andersen's validity or invalidity in office were irrelevant to the issue. Since the trial justice reached the correct conclusion, however, he will be affirmed although the reasoning given might have been incorrect. *Empire Equipment Engineering Co. v. Sullivan*, 565 A.2d 527 (R.I. 1989).

Cases involving length of term of a person appointed to a vacancy are numerous but frequently difficult to reconcile. The reason is that the ultimate decision is usually affected by a statute that is peculiar in its wording and not of general application.

The statute governing the appointment of the high sheriff is § 42–29–1. It reads in part:

"(a) There shall be a sheriff for each county, each of whom shall be appointed by the Governor and shall hold office for a period of ten (10) years, and there shall be a deputy high sheriff for Providence County, who shall also be appointed by the governor for a term of ten (10) years; provided, however the sheriffs and the deputy high sheriff for Providence County in office on February 1, 1981 shall hold office without further appointment for a period of ten (10) years from June 1, 1981, and until a successor is appointed and qualified."

The defendant argued, and we agree, that Andersen had been appointed to serve out Tempest's unexpired term. There is no question that Tempest's term expired on June 1, 1991, under the provisions of § 42–29–1. Although it is not in any way dispositive of the question before us, we note that the letter from former Governor DiPrete to the Secretary of State officially informing her of Andersen's appointment referred specifically to § 42–29–1 and to the expiration of the term on June 1, 1991.

■ This precise issue has never been considered in Rhode Island. In other jurisdictions that have addressed the issue, the law is fairly well settled. When the duration of a term of an office and the time of its commencement or termination is fixed by statute or constitution, a person elected or appointed to fill a vacancy in such office holds it for the unexpired portion of the term and until the qualification of a successor.[3] We find that rule to be a reasonable one, and we adopt it in this case.

---

**2.** That kind of evidence might have been relevant if Andersen were suing to determine who was the rightful owner of the office by way of a petition in equity in the nature of quo warranto as was done in *Seemann v. Kinch*, 606 A.2d 1308 (R.I.1992); *State ex rel. Webb v. Cianci*, 591 A.2d

1193 (R.I.1991). However, our resolution of the question of law is dispositive of the case, and Andersen would have gained nothing by proceeding in that manner.

**3.** For example *See: People ex rel. Lynch v. Budd,* 114 Cal. 168, 45 P. 1060 (1896); *In re Advisory*

Applying that rule to Andersen's situation leads us to the conclusion that Andersen's appointment ended June 1, 1991, when Tempest's term would have ended. Andersen served thereafter only as a holdover until Miller was appointed to serve for the succeeding ten-year term.

The term was fixed by the statute that created the office. The term in no way depended upon who or how many persons occupied the office during that term. *Holmes v. Frohmiller*, 55 Ariz. 556, 104 P.2d 156 (1940). The failure of Andersen's predecessor or successor to file a bond in no way changed the term of the office. Only the Legislature by amending § 42–29–1 could change that term.

In a case involving the appointment of a public official to an office that carried with it a four-year term, the Supreme Court of New Hampshire in an Advisory Opinion to the Governor stated in part:

"The provision that an incumbent shall serve beyond the stated term of * * * years is obviously designed to prevent any hiatus in the functioning of the office. 63 Am.Jur. 2d Public Officers & Employees s. 160 (1972); *see Attorney General v. Burnham*, 61 N.H. 594 (1882). We see no reason to assume that it was also intended to postpone the beginning of the next four-year statutory term of office. The statute fixes the term of the office, not the appointee. We do not consider that it extends the term to include a period of holding over. Hence that period [holding over] will fall within the following four-year term." *Opinion of the Justices*, 112 N.H. 433, 435, 298 A.2d 118, 119 (1972).

We find that language persuasive, and we adopt the reasoning behind it.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

*Opinion to the Governor*, 31 Fla. 1, 12 So. 114 (1893); *State ex rel. Tobias v. Seitz*, 161 Ohio St.