DELAWARE RIVER PORT AUTHORITY, EDWARD C. Mc-AULIFFE, RALPH CORNELL, EARL B. HOWE, ALFRED R. PIERCE, AND ARTHUR P. SCHALICK, PLAINTIFFS-RESPONDENTS, v. RICHARD J. HUGHES, GOVERNOR OF NEW JERSEY, SENATE OF NEW JERSEY, AND SECRETARY OF STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Argued December 7, 1965—Decided March 7, 1966.

*Mr. David J. Goldberg,* Deputy Attorney General, argued the cause for appellants (*Miss Beatrice S. Tylutki,* Deputy Attorney General, of counsel and on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Warren C. Douglas* argued the cause for respondents (*Mr. Bruce A. Wallace,* attorney).

The opinion of the court was delivered

PER CURIAM. The five individual plaintiffs are New Jersey members of the Delaware River Port Authority, a bi-state agency formed by compact between Pennsylvania and New Jersey. *N. J. S. A.* 32:3–1 *et seq.* They were appointed commissioners of the agency on June 4, 1962. The defendant Secretary of State deemed the appointments to be for unexpired terms of office and on that basis certified the terms of all would end on July 1, 1964. Plantiffs contended the statute contemplates that each appointment shall be for a full term of five years. The trial court agreed with plaintiffs and we certified the ensuing appeal before argument in the Appellate Division.

As to all five offices here involved, there were long periods of holdover by predecessors of the plaintiffs. As to two of those offices, there is the further circumstance that a vacancy occurred within the term of the predecessor of the holdover-appointee and the holdover-appointee was appointed before the expiration of that unfinished term. Neither side, however, argues the result as to those two offices should be affected by that further circumstance. In other words, both sides take absolute positions, conceiving that the impact, if any, of a vacancy within a term and of a holdover must be the same.

The issue is wholly one of statutory construction. The language of the compact with respect to vacancy has changed, while the provision as to holdover has remained constant.

As to vacancy, the compact originally was perfectly clear, providing that (*L. 1931, c. 391, Art. II, p. 1223*) :

"For the State of New Jersey, whenever a vacancy in the office of Commissioner shall occur *such vacancy shall be filled for the unexpired term* by the Legislature. If the Legislature shall not be in session when the vacancy occurs, such vacancy shall be filled by the Governor and such appointee shall hold office until the Legislature convenes." (Italics added)

In 1948, following the adoption of our *Constitution of* 1947 which barred legislative election or appointment of any executive, administrative or judicial officer except the State Auditor, *Art.* IV, § V, ¶ 5, the compact was amended to place the appointing power in the governor with the advice and consent of the Senate. *L.* 1948, *c.* 443, *p.* 1742. The revised language is set forth in *N. J. S. A.* 32:3–3. As there appears, the draftsman of this 1948 supplement dealt with the problem of "a vacancy occurring in the office of commissioner" but spoke only of *ad interim* appointment by the Governor alone and said nothing about a regular appointment made with senatorial approval during a vacancy. Plaintiffs of course insist the omission to provide that a regular appointment shall be for the remainder of the term was

intentional and designed to mean that every regular appointment shall be for the full five-year term, while defendants say the omission was inadvertent. Neither side has uncovered legislative history either way.

As to holdover, the compact has always provided as appears in the last paragraph of *N. J. S. A.* 32:3–3 (with minor changes of expression not here material) that:

"All commissioners shall continue to hold office after the expiration of the terms for which they are appointed or elected until their respective successors are appointed and qualify, *but no period during which any commissioner shall hold over shall be deemed to be an extension of his term of office for the purpose of computing the date on which his successor's term expires.*" (Italics added)

The draftsman obviously was conscious of the question whether there is a "vacancy" during a "holdover," *cf.* 43 *Am. Jur., Public Officers* § 164, *p.* 21, and hence he dealt with that situation. We can find in the roundabout phrasing of the italicized provision only the direct proposition that a holdover shall shorten the term of the successor. *Cf. Gillson v. Heffernan,* 40 *N. J.* 367, 375–376 (1963) ; *Monte v. Milat,* 17 *N. J. Super.* 260, 268 (*Law Div.* 1952). This, of course, comported with the treatment of an appointment where the vacancy occurs within the term, *i.e.*, that the appointment shall be for the balance of the term.

If, as we have said, the italicized portion of the holdover provision meant in 1931 that the period of holdover cut into the ensuing term, surely its meaning could not change simply because the vacancy provision was altered. And if we assumed the Legislature deliberately dropped the vacancy provision of the original compact to the end that a regular appointment during a vacancy within a term shall be for a full term, it would not follow that the italicized holdover provision became so meaningless that its continued presence must be called an oversight. The holdover language, as we have construed it, is not inevitably germane only to a situation in which the term is attached to the office, for even if

the term were personal to the officer, still the Legislature could sensibly decide to prevent enlargement of the tenure of an incumbent through a delay in reappointment deliberately designed to extend his new term well into or even beyond the term of the next Governor, and we could not ignore such a provision merely because the Legislature did not also foreclose a like, although more limited, opportunity to encroach upon a succeeding Governor's prerogative through the medium of a well-timed resignation by an incumbent willing to step aside in favor of another. We cannot read out an express provision which continues to make sense, on a sheer speculation that the Legislature meant to delete it.

For like reason, we cannot accept the defendants' contention that a provision that a holdover shall shorten the term of the successor necessarily means the term attaches to the office so that in the case of a vacancy within a term the successor must take only for the unexpired portion. But it is true that ordinarily the two situations would be dealt with legislatively upon a common thesis, and hence there is reason to suspect the vacancy clause was dropped inadvertently when there is no legislative history affirmatively indicating an intent to adopt a somewhat hybrid course. Here we know it was the adoption of the *Constitution of* 1947 with its new provision as to legislative appointments which required a change in the compact, and it is understandable that the draftsman, absorbed with the problem of *ad interim* appointment, could unwittingly lose sight of the balance of the vacancy problem. If there were an intent to depart so dramatically from the compact's treatment of vacancy appointments, one would expect to find some articulation of that purpose, at least within the executive branch of government. Nothing of that kind has been found. Hence it is not difficult to conclude that the Legislature intended to make only that change which the new Constitution required, *i.e.*, to transfer the appointing power.

As we noted earlier, plaintiffs have not argued that if they are wrong as to the effect of holdover, nonetheless an

appointment to fill a vacancy within a term '(a fact in the history of two of the five offices here involved) should be deemed to be for a full term. The subject of a vacancy within a term has been dealt with by both sides simply as an incident of their respective absolute approaches to the question whether the term attaches to the office or to the appointee. Perhaps, since we have found for defendants on the holdover issue and plaintiffs do not mount any claim with respect to the vacancies within the term of two of the five offices here involved, we should not express our view as to the length of an appointment made to fill a vacancy within a term. However, since a public agency is involved and the topic is one upon which there should not be further litigation, we think it fitting to state our view.

Upon the issue of the effect of a vacancy within a term, the statute is obscure. In these circumstances defendants aptly rely upon the practical construction given the statute administratively. It appears that the Secretary of State has continued to find that the compact, notwithstanding the 1948 supplement, means that the New Jersey appointee in the case of a vacancy within a term holds only for the balance of the term. We think it sensible to conclude the vacancy aspect of the situation in that manner, leaving it to the legislative process to ordain a different rule for the future if this view does not square with the true intent.

The judgment is reversed and the matter remanded for the entry of judgment in favor of defendants. No costs.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR and HALL—5.

*For affirmance*—None.