858 A.2d 576

BOARD OF EDUCATION OF THE NORTHERN BURLINGTON COUNTY REGIONAL SCHOOL DISTRICT, BURLINGTON COUNTY, PETITIONER–APPELLANT, v. NEW JERSEY STATE BOARD OF EDUCATION, STATE OF NEW JERSEY, WILLIAM L. LIBRERA, COMMISSIONER OF EDUCATION, AND WALTER J. KEISS, BURLINGTON COUNTY SUPERINTENDENT OF SCHOOLS, RESPONDENTS–RESPONDENTS.

TOWNSHIP OF MANSFIELD, BURLINGTON COUNTY, PETITIONER, v. WILLIAM L. LIBRERA, COMMISSIONER OF EDUCATION AND WALTER J. KEISS, BURLINGTON COUNTY SUPERINTENDENT OF SCHOOLS, RESPONDENTS.

TOWNSHIP OF NORTH HANOVER, PETITIONER/INTERVENOR–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 29, 2004—Decided October 14, 2004.

Before Judges CONLEY, BRAITHWAITE and LISA.

*Stacy L. Moore, Jr.*, argued the cause for petitioner-appellant (*Parker, McCay, & Criscuolo*, attorneys; *Mr. Moore*, on the joint brief).

*Allison Colsey Eck*, Deputy Attorney General, argued the cause for respondents-respondents (*Peter C. Harvey*, Attorney General, attorney; *Nancy Kaplen*, Assistant Attorney General, of counsel and *Ms. Eck*, on the brief).

*Mark Roselli*, attorney for intervenor, joins in the brief of appellant.

The opinion of the court was delivered by

BRAITHWAITE, J.A.D.

This appeal by petitioners, Board of Education of the Northern Burlington County Regional School District ("Regional District") and Township of North Hanover, a constituent school district of the Regional District, challenges the apportionment of seats on the Regional District Board. Petitioners argue that the State Board of Education ("State Board") erred in affirming the decision of the Commissioner of Education ("Commissioner") that the Burlington County Superintendent ("County Superintendent") properly included State prison inmates in the population of inhabitants in deciding the apportionment of seats on the Regional District Board. They also contend that the State Board erred in concluding that the County Superintendent properly utilized the equal proportions method in apportioning the seats on the Regional District Board.

We affirm the decision authorizing the use of the equal proportions method, but reverse the decision authorizing the inclusion of State prison inmates in the population of inhabitants. We, therefore, reverse that part of the decision and remand for further proceedings consistent with this opinion.

The Regional District is comprised of four constituent districts: Chesterfield, Mansfield, North Hanover, and Springfield. There are nine members or seats on the Regional District board. *See* *N.J.S.A.* 18A:13–8. Prior to reapportionment of seats in the Regional District, Chesterfield and Mansfield had two seats each; Springfield, one seat; and North Hanover, four seats.

Following the 2000 decennial census, the population in Chesterfield increased by 15.6 percent from 1990 and the population in North Hanover had decreased by 26.5 percent. In actual numbers, the population from the 2000 census was as follows: Chesterfield, 5,995 [1]; Mansfield, 5,090; North Hanover, 7,347; and Springfield, 3,227.

Based on the above figures and applying the equal proportions method, the County Superintendent determined that Chesterfield would gain one seat and North Hanover would lose one seat. The seats allotted to the remaining constituent districts would remain unchanged.

The Regional District and the Township of Mansfield challenged the County Superintendent's decision on February 1, 2002. They each filed a petition with the Commissioner. The Commissioner dismissed both petitions, concluding that the County Superintendent's use of State prison inmates in the inhabitant count, and the use of the equal proportions method were not beyond the County Superintendent's "lawful authority."

The Regional District and Township of Mansfield appealed the Commissioner's decision to the State Board. The Township of North Hanover moved to intervene in the appeal. The motion was granted.

The State Board affirmed the Commissioner's decision in both respects. The State Board agreed with the Commissioner's analysis of the equal proportions issue and affirmed for those reasons.

---

[1] Although not in the record, petitioner's counsel advised us that this population included 3,341 State prison inmates. Counsel for the State Board did not dispute this figure.

It took a different approach with respect to the inclusion of State prison inmates in the inhabitant population. It concluded that because of a footnote in the case of *Franklin Township v. Board of Ed. N. of Hunterdon Reg. High Sch.*, 74 *N.J.* 345, 378 *A.*2d 218 (1977) *cert. denied,* 435 *U.S.* 950, 98 *S.Ct.* 1576, 55 *L.Ed.*2d 800 (1978), and the Legislature's response to the footnote, the exclusion of State prison inmates from the inhabitant population violated the Equal Protection clause of the United States Constitution.

In footnote two in *Franklin*, our Supreme Court expressed doubt about the constitutionality of "deducting institutional and military population from the total census population." *Id.* at 348 n. 2, 378 *A.*2d 218. The Legislature, in response to the footnote, amended *N.J.S.A.* 18A:13–8 so that military and other institutional populations would be included in the inhabitant population for apportioning board seats in regional school districts with more than nine constituent districts. With respect to regional districts with nine or fewer constituent districts, the statute still requires the subtraction of State prison inmates in arriving at the apportionment population.

The State Board recognized that the language of *N.J.S.A.* 18A:13–8 clearly required that State prison inmates be excluded from the inhabitant population for regional schools with nine or less constituent districts, but concluded that legislative oversight resulted in amending only that portion of the statute that applies to regional school districts with more than nine constituent districts. Because the State Board was unable to draw a distinction between regional school districts with more than nine constituent districts and those with nine or less, it concluded that the clear unequivocal language excluding State prison inmates from inhabitant populations in regional districts with nine or fewer constituent districts had been repealed. The State Board concluded that it was the intent of the Legislature to remove the provision requiring the subtraction of State prison inmates from the apportionment population entirely.

On appeal petitioners contend that: (1) the State Board erred in failing to follow the express language of *N.J.S.A.* 18A:13–8; (2) the equal proportions method cannot lawfully be used to determine the seats on the Regional District Board because it only has four constituent districts, and the equal proportions method is reserved exclusively for regional districts with more than nine constituent districts; and (3) a remand is necessary to permit discovery to "resolve disputed issues of material fact."

We first address point number two because it has been resolved by a case decided after petitioners submitted their brief. Moreover, petitioners conceded at oral argument that their claim was no longer viable. Simply said, the statute's specific requirement of the use of the equal proportions method to apportion regional district seats in districts with more than nine constituent districts does not prohibit the use of this method for regional districts of nine or fewer constituent districts. *Board of Ed. of Rancocas Valley Reg'l High Sch. Dist. v. New Jersey Bd. of Ed.,* 364 *N.J.Super.* 623, 631, 837 *A.*2d 1110 (App.Div.2003). There, we said:

> the Legislature has amended this section [*N.J.S.A.* 18A:13–8] on several occasions and has never inserted in it a mandatory requirement for use of the equal proportions method with regional boards of nine or less members. In light of the widespread and longstanding use of the equal proportions method in legislative reapportionment matters and regional school board allocation matters, and in light of the firmly established acceptability and reliability of that method, we glean no such legislative intent. As we previously stated, the statute, by its clear terms, allows for discretion by the appropriate education officials to use a method which is geared to achieve the legislative goal of allocating seats as nearly as possible based upon population. The Legislature could not have intended that such discretion would not allow for use of a proven formula.
>
> [*Ibid.*]

■ We now address the more significant issue. *N.J.S.A.* 18A:13–8 provides, in relevant part, as follows:

> The board of education of a regional district shall consist of nine members unless it consists of more than nine constituent districts, in which case the membership shall be the same as the number of constituent districts, plus one. If there are nine or less constituent districts, the members of the board of education of the regional district shall be apportioned by the county superintendent or county superintendents of the county or counties in which the constituent districts are

situate, among said districts as nearly as may be according to the number of their inhabitants except that each constituent shall have at least one member.

In making the apportionment of the membership of a regional board of education among the several school districts uniting to create a regional school district having nine or less constituent districts, as required by section 18A:13–36, there shall be subtracted from the number of inhabitants of a constituent school district, as shown by the last Federal census officially promulgated in this State, the number of such inhabitants who according to the records of the Federal Bureau of the Census were patients in, or *inmates of, any State or Federal* hospital or *prison,* or who are military personnel stationed at, or civilians residing within the limits of, any United States Army, Navy or Air Force installation, located in such constituent school district.

[ (emphasis added).]

The argument by the State Board that the legislative amendment, deleting the subtraction of State prison inmates language solely from regional school districts with more than nine constituents, was intended to apply to both regional districts is unpersuasive. The argument is flawed because it fails to account for the primary source of legislative intent, the plain language of the statute. " 'If the statute is clear and unambiguous on its face and admits of only one interpretation, we need delve no deeper than the act's literal terms to devise the Legislature's intent.' " *State v. Thomas,* 166 *N.J.* 560, 567, 767 *A.2d* 459 (2001) (quoting *State v. Butler,* 89 *N.J.* 220, 226, 445 *A.2d* 399 (1982)). "If the language is plain and clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." *State v. Bigham,* 119 *N.J.* 646, 651, 575 *A.2d* 868 (1990) (citing *Sheeran v. Nationwide Mut. Ins. Co.,* 80 *N.J.* 548, 556, 404 *A.2d* 625 (1979)). Here, the language requiring the subtraction of State prison inmates from the inhabitant population for regional districts with nine or fewer constituent districts is clear and unequivocal.

On the contrary, the language of the footnote in *Franklin* is ambiguous. It provides:

All references to population are computed on the basis of an "apportionment population," and are the figures used in calculating the current distribution of seats on the board as provided by *N.J.S.A.* 18A:13–8(a). *That figure is determined in each district by deducting institutional and military population from the total census population.* Although not projected by this appeal, we entertain serious

doubts whether such exclusion is constitutional in light of what was said in *Mahan v. Howell*, 410 *U.S.* 315, 330, 93 *S.Ct.* 979, [987–88] 35 *L.Ed.2d* 320, 333–34 (1973), *modified* 411 *U.S.* 922, 93 *S.Ct.* 1475, 36 *L.Ed.2d* 316 (1973); *Davis v. Mann*, 377 *U.S.* 678, 691, 84 *S.Ct.* 1441, [1448] 12 *L.Ed.2d* 609, 617 (1964) and *Carrington v. Rash*, 380 *U.S.* 89, 85 *S.Ct.* 775, 13 *L.Ed.2d* 675 (1965). As to the use of the Census in arriving at population figures, *see Connor v. Finch*, 431 *U.S.* 407, [416 at n. 13] 97 *S.Ct.* 1828, [1834 at n. 13] 52 *L.Ed.2d* 465, 475 at n. 13 (1977).

[*Franklin, supra*, 74 *N.J.* at 348 n. 2, 378 *A.2d* 218 (emphasis added).]

The language of the footnote refers to "institutional" populations. *Ibid.* Institutional populations is a broader term than State prison inmates. Although the failure to count some institutional populations in the apportionment base may be unconstitutional, the failure to count State prison inmates is not.

Neither in *Reynolds v. Sims* nor in any other decision has this Court suggested that the States are required to include aliens, transients, short-term or temporary residents, or *persons denied the vote for conviction of crime* in the apportionment base by which their legislators are distributed and against which compliance with the Equal Protection Clause is to be measured. The decision to include or exclude any such group involves choices about the nature of representation with which we have been shown no constitutionally founded reason to interfere.

[*Burns v. Richardson*, 384 *U.S.* 73, 92, 86 *S.Ct.* 1286, 1296–97, 16 *L.Ed.2d* 376, 390–91 (1966) (emphasis added) (footnote omitted).]

Here in New Jersey, persons serving a sentence, parole or probation for a conviction of an indictable offense are not eligible to vote. *N.J.S.A.* 19:4–1(8).

Moreover, we note that the cases cited in the *Franklin* footnote address the unconstitutionality of excluding military personnel from the apportionment population. However, some of those cases were decided after the United State Supreme Court's decision in *Burns*, which permits the exclusion of "persons denied the vote for conviction of a crime" from the apportionment population, *Burns, supra*, 384 *U.S.* at 91, 86 *S.Ct.* at 1296. Given this background and the clear language of *N.J.S.A.* 18A:13–8, we cannot conclude that the Legislature intended to remove the requirement of subtracting State prisoners from the apportionment population for regional districts with nine or fewer constituent districts. Although we respect the State Board's expertise, ultimately, interpretation of statutes is a judicial, not administrative, function and we are in no way bound by the State Board's

interpretation. *Mayflower Secs. Co. v. Bureau of Secs.*, 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973).

Furthermore, we have reviewed the legislative history that accompanied the amendment to *N.J.S.A.* 18:13–8 based on *Franklin*. It is clear that the amendment was intended to apply only to regional school districts with more than nine constituent districts. At the time it applied solely to the district in the *Franklin* case, but would apply to any regional district with more than nine constituent districts in the future. *See Assembly Education Committee Statement to Senate, No. 1391*, 1979 Leg., 198th Sess. 1 (N.J.1979); 1979 N.J. Laws 37.

Finally, on this issue, to read the statute as the State Board urges is to make the clear language concerning the subtraction of State prison inmates from the apportionment base nonexistent or surplusage. "When the application of a statute is involved, it is the duty of the court to determine the legislative intent from the plain meaning of the statutory provision, in light of that intention, to the fact." *State Bd. of Med. Exam'rs v. Warren Hosp.*, 102 *N.J.Super.* 407, 413, 246 *A.*2d 78 (Warren County Ct.1968), *aff'd*, 104 *N.J.Super.* 409, 250 *A.*2d 158 (App.Div.), *certif. denied*, 54 *N.J.* 100, 253 *A.*2d 548 (1969). "An inference of surplusage in a legislative enactment should not be readily entertained. . . ." *Ibid.* "A court certainly may not read out express provisions which continue to make sense on sheer speculation that the Legislative [sic] meant to delete it or by some strained enlargement of an exception." *Ibid.* (citing *Delaware River Port Auth. v. Hughes*, 46 *N.J.* 451, 217 *A.*2d 865 (1966)).

In light of our resolution of this appeal, we decline to address petitioners' discovery point.

Affirmed in part; reversed and remanded in part.