989 A.2d 306 (2010)
412 N.J. Super. 232
John KRAYNIAK, Petitioner-Appellant,
v.
BOARD OF TRUSTEES, Public Employees' Retirement System, Respondent-Respondent.
DOCKET NO. A-2578-08T3.
Superior Court of New Jersey, Appellate Division.
Submitted September 29, 2009.
Decided March 8, 2010.
*307 John Krayniak, Trenton, appellant, pro se.
Anne Milgram, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Don E. Catinello, Deputy Attorney General, on the brief).
Before Judges RODRÍGUEZ, REISNER and CHAMBERS.
The opinion of the court was delivered by
*308 A.A. RODRÍGUEZ, P.J.A.D.
In this appeal we decide whether a member of the Prosecutor's Part of the Public Employee's Retirement System (PERS) is eligible to retire pursuant to the Early Retirement Incentive (ERI) Act, L. 2008, c. 21. We hold that such a member is not eligible to retire pursuant to ERI.
John Krayniak appeals from the final administrative determination by the Board of Trustees (Board) of the Public Employees' Retirement System (PERS), denying his application for early retirement pursuant to the ERI Act. L. 2008, c. 21. We affirm.
The facts are not disputed. Krayniak began working as a Deputy Attorney General 2 in the Division of Criminal Justice in December 1988. Based on such employment, he was enrolled in PERS that same month. In 2002, the Legislature passed L. 2001, c. 366, which allowed all of Krayniak's service credits in PERS to be rolled into the Prosecutor's Part of PERS. That same year, Krayniak purchased fourteen months of service credit based on military service. The fourteen months were credited to his regular PERS account, not the Prosecutor's Part PERS account.
In June 2008, Governor Corzine signed into law the ERI. The ERI sought to encourage the early retirement of eligible employees to reduce the state workforce and provide fiscal savings. To do this, the ERI provided incentives in the form of additional years of service credit, increased temporarily monthly pension payments, or lifetime paid health benefits. However, in order to maximize savings and minimize liabilities resulting from the ERI Act, the program was limited "to only a designated subset of employees." L. 2008, c. 21 pmbl.
In July 2008, Krayniak filed a timely application for retirement, seeking to retire early pursuant to the ERI Act. At the time of his application, he had approximately nineteen years and seven months credited to the Prosecutor's Part and fourteen months credited to regular PERS. Krayniak chose an option to retire with a veteran's benefit pursuant to regular PERS, using the "right of election" to count his Prosecutor's Part service time as regular PERS service time.[1]
The Division of Pension and Benefits (DPB) denied Krayniak's application for ERI retirement because he was a member of the Prosecutor's Part of PERS. Through a series of letters, Krayniak attempted to persuade the Division that he was eligible for early retirement under ERI. However, the DPB adhered to the denial.
Krayniak appealed to the Board. The Board issued its initial administrative determination, denying Krayniak's application. The Board found that Krayniak was not deemed an "eligible State employee" because he was a participant of the Prosecutor's Part of PERS.
Krayniak disagreed with this decision and appealed to the Board once again. In its final administrative decision, the Board denied Krayniak's appeal. The Board found that the issue before it was purely a legal one, concluding that Krayniak was not eligible for ERI because L. 2008, c. 21 specifically states that the term "eligible State employee" shall not include "a person participating in [PERS] under the *309 [Prosecutor's Part]." The Board found that though Krayniak was "electing to retire and receive `regular' PERS veteran benefits, that choice does not change the fact that [he] participate[s] in the PERS under the provisions of ... [the Prosecutor's Part.]"

I
On appeal, Krayniak contends that the Board erroneously denied his application. Krayniak also contends that "the Board failed to follow rules of statutory construction in interpreting the statute" and incorrectly interpreted the ERI legislation to "apply to job classification," which "disqualifies all prosecutors" because they have service credit in the Prosecutor's Part of PERS. We agree that all prosecutors are disqualified from early retirement under the ERI Act; however, such a disqualification was created by the Legislature, not by an erroneous statutory interpretation by the Board.
This is purely a legal issue. Therefore, the Board's decision is not entitled to deference because appellate courts are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Utley v. Bd. of Review, 194 N.J. 534, 551, 946 A.2d 1039 (2008) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93, 312 A.2d 497 (1973)). In some situations, we give substantial weight to an agency's interpretation of its enabling statutes, particularly where it has special expertise. N.J. Soc. for Prevention of Cruelty to Animals v. N.J. Dep't. of Agric., 196 N.J. 366, 385, 955 A.2d 886 (N.J.2008). However, statutory interpretation is primarily the role of the judiciary and is not an administrative function. Bd. of Educ. v. N.J. State Bd. of Educ., 372 N.J.Super. 341, 348-49, 858 A.2d 576 (App.Div.2004) (citing Mayflower, supra, 64 N.J. at 93, 312 A.2d 497).
Here, the issue is the statutory meaning of L. 2008, c. 21, Section 1(e), which states as follows:
The term [eligible employee] shall not include an employee of a public agency or organization as defined in section 71 of [L. 1954, c. 84] (C.43:15A-71), [or a person participating in the Public Employees' Retirement System under the provisions of ... L.2001, c. 366](C:43:15A-155 et seq.), [the Prosecutor's Part of PERS.] (emphasis added).
The Board has interpreted this phrase to mean that any employee who participates or is enrolled in the Prosecutor's Part is excluded from participation in the ERI program. We agree with this construction.
Krayniak argues the phrase instead excludes only those who "retire under" the Prosecutor's Part and that the legislation actually only excludes employees who "retire under" the Prosecutor's Part of PERS. We reject these arguments.
The statutory language is clear and explicitly excludes employees who participate in the Prosecutor's Part of PERS. When interpreting statutes, we seek to "effectuate the legislative intent in light of the language used and the objects sought to be achieved." McCann v. Clerk of Jersey City, 167 N.J. 311, 320, 771 A.2d 1123 (2001) (quoting State v. Hoffman, 149 N.J. 564, 578, 695 A.2d 236 (1997)). A statute's language "is the surest indicator of the Legislature's intent." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 231, 708 A.2d 401 (1998). Thus when interpreting a statute, "the first step is [to examine] the provisions of the legislative enactment to ascertain whether they are expressed in plain language that, in accordance with ordinary meaning, clearly and unambiguously yields only one interpretation." Richard's Auto City, Inc. v. Dir., Div. of *310 Taxation, 140 N.J. 523, 531, 659 A.2d 1360 (1995). Moreover, words will be assigned their "ordinary and well-understood meanings" unless the legislature has indicated otherwise. Cornblatt, supra, 153 N.J. at 231, 708 A.2d 401. "If the language is plain and clearly reveals the meaning of the statute, the court's sole function is to enforce the statute in accordance with those terms." State, Dep't of Law & Pub. Safety v. Bigham, 119 N.J. 646, 651, 575 A.2d 868 (1990) (citing Sheeran v. Nationwide Mut. Ins. Co., 80 N.J. 548, 556, 404 A.2d 625 (1979)). A statute that is clear and unambiguous "is not open to construction or interpretation." Watt v. Mayor of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956).
In addition to the language used, when interpreting a statute, "[t]he Legislature's intent is the paramount goal." DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005). Courts will look at the "overall legislative scheme" and "harmonize the individual sections and read the statute in the way that is most consistent with the overall legislative intent." McCann, supra, 167 N.J. at 320, 771 A.2d 1123 (quoting Fiore v. Consol. Freightways, 140 N.J. 452, 466, 659 A.2d 436 (1995)). Interpretations should not lead to absurd or unreasonable results. State v. Gill, 47 N.J. 441, 444, 221 A.2d 521 (1966).
Krayniak argues that "[p]articipating means the present tense, currently taking part in the retirement benefits of the Prosecutor's Part of PERS for the purpose of ERI." Krayniak's construction, however, interprets the term "participating" too narrowly.
Participating is "taking part in something," such as a pension plan, and a "participant" is synonymous with "member" and "contributor." See Black's Law Dictionary 1141 (7th ed.1999); William C. Burton, Legal Thesaurus 829, 869 (1980). The statutory scheme governing the Prosecutors' Part, N.J.S.A. 43:15A-155 to -161, mandates that "prosecutors shall be members of the Prosecutor's Part ... Membership in the retirement system shall be a condition of employment for service as a prosecutor." N.J.S.A. 43:15A-156. Therefore, by virtue of being a prosecutor, Krayniak is automatically a member or participant of the Prosecutor's Part. He is participating in the plan by accruing service credits and making contributions. This is reflected on his PERS Personal Benefits Statement, which reads, "As a member of the Prosecutor's Part of PERS..." and, assigns to him a "membership number."

II
We reject Krayniak's argument that interpreting the statute to exclude all employees who have earned service credit pursuant to the Prosecutor's Part is contradictory with the Legislature's intent to create budget savings by allowing eligible employees to retire early. Excluding those who participate in the pension system with enhanced payouts, such as those in the Prosecutor's Part, is fully consistent with the overall legislative intent to save money and limit liabilities. Krayniak's argument overlooks the Legislature's express intent not to make the ERI available to all employees in order to "ensure budget savings and limit liabilities" and to reduce the state workforce. L. 2008, c. 21 pmbl.
The stated purpose of the ERI is to maximize the "short and long term budget savings associated with the reduction in the overall workforce." L. 2008, c. 21 pmbl. This is achieved by offering early retirement incentives to "eligible State employees" and then placing a "limitation on hiring replacements for those who retire." Ibid. "Eligible State employees" is then *311 defined in a manner consistent with reducing the workforce and lowering costs.
To ensure permanent workforce reduction and cost containment, the ERI legislation places limitations on the types of employees who are eligible for early retirement incentives. First, the program limits eligibility broadly to members of PERS and the Teacher's Pension and Annuity Fund (TPAF) who have already accrued enough service credit to be eligible for retirement.
Next, the legislation limits participation to only a "designated subset" of the employees already eligible to retire. Specifically excluded are employees of independent State authorities, employees enrolled in certain subsections of PERS, and certain employees in State departments or agencies that either provide direct care or "the nature of their operations otherwise does not permit the imposition of a strict limit on filling vacancies." Ibid. By excluding members of the Prosecutor's Part of PERS, the Legislature has recognized that the public interest is served by not having unfilled vacancies in those positions.
Krayniak argues that the Board's rejection of his application contradicts the overarching goal of the ERI program to cut costs, as his early retirement will save the State from paying additional years of salary and fringe benefits. He maintains he will "not receive one dollar more under the ERI than he would under a regular PERS veteran retirement." However, we note that there will be no savings to the public if Krayniak has to be replaced. Moreover, the reason ERI retirement is attractive to Krayniak is because it comes with lifetime paid health benefits for him and his spouse. L. 2008, c. 21 ¶ 1(b). If Krayniak could retire pursuant to the ERI, he would receive lifetime paid health benefits to him and his spouse. He would not receive such benefits if he retired pursuant to regular PERS, given his service credits at the time of his retirement application.
Providing lifetime health benefits for retirees and their spouses is costly and to curb the costs of the ERI program, the Legislature chose to limit liabilities by opening the program only to certain designated subsets of employees. Though the limitations may seem unnecessary, arbitrary, or unfair to Krayniak, the Legislature excluded subsets of employees to control "the long term costs and pension liabilities associated with the retirement of employees ... pursuant to an early retirement program." L. 2008, c. 21 pmbl. In other words, the State does not have the resources to allow an unlimited number of employees to receive early retirement incentives. The decision to exclude specific subsets of employees is wholly consistent with the stated intent of maximizing short and long term budget savings.

III
Krayniak also contends that, "the Board failed to consider [the] N.J.A.C. 17:2-8.11 right of election in reaching [its] decision." However, the "right of election" as codified provides:
At the time of retirement, a member enrolled on the basis of service as a prosecutor, or on a combination of service as a prosecutor and regular PERS service, shall be permitted to elect the largest possible retirement allowance... The member may elect any PERS retirement benefit for which the member qualifies, including early retirement pursuant to N.J.S.A. 43:15A-41, veterans retirement pursuant to N.J.S.A. 43:15A-61 and service retirement pursuant to N.J.S.A. 43:15A-48. (Emphasis added.)
[N.J.A.C. 17:2-8.11]
*312 Pursuant to this right of election, Krayniak has the ability to apply for retirement under regular PERS with a veteran's benefit. In fact, at the time he submitted this appeal he had such an application pending for a December 1, 2009 retirement date.
Krayniak's reliance upon the regulation to qualify for the ERI retirement, however, is misplaced. The regulation clearly states that a prosecutor may only elect a PERS retirement benefit "for which the member qualifies." N.J.A.C. 17:2-8.11. Qualification for the benefit is thus a prerequisite to being able to elect the benefit. Pursuant to the ERI Act, L. 2008, c. 21, Krayniak is not eligible because he participates in the Prosecutor's Part of PERS. Therefore, there is no right to elect retirement under the ERI.

IV
Finally, Krayniak contends that "the Board failed to consider the Supreme Court's mandate of liberal construction of pension laws in favor of employees." We are not persuaded by this argument.
We are mindful that the Supreme Court has held that pension laws "should be liberally construed and administered in favor of the persons intended to be benefited thereby." Geller v. Dep't. of Treas., 53 N.J. 591, 598, 252 A.2d 393 (1969). Due to a fund's fiduciary duties to its participants, however, "an employee is entitled to the liberality spoken of in Geller when eligible for benefits, but eligibility is not to be liberally permitted." Smith v. Dep't. of Treas., 390 N.J.Super. 209, 213, 915 A.2d 48 (App.Div.2007). Guidelines for determining pension fund eligibility "must be carefully interpreted so as not to `obscure or override considerations of ... a potential adverse impact on the financial integrity of the [f]und.'" Ibid. (alterations in original) (quoting Chaleff v. Teachers' Pension & Annuity Fund Trs., 188 N.J.Super. 194, 197, 457 A.2d 33 (App. Div.), certif. denied, 94 N.J. 573, 468 A.2d 215 (1983)).
The issue here is one of eligibility and thus the Board is under no obligation to liberally construe the ERI legislation to permit Krayniak's early retirement. Rather, the Board was under an obligation to strictly adhere to the eligibility requirements clearly indicated in the ERI legislation to protect the financial integrity of the PERS fund.
Affirmed.
NOTES
[1] The Prosecutor's Part of PERS provides a higher benefit than a regular PERS pension. Retirement pursuant to the ERI Act would not give Krayniak that higher monthly pension payment, but would provide lifetime paid health benefits to him and his spouse. He ordinarily would not be eligible for those benefits unless he earned (or purchased) nearly four more years of service credit.