**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5501-18T1

IN THE MATTER OF THE
BOARD OF TRUSTEES OF THE
POLICE AND FIREMEN'S
RETIREMENT SYSTEM OF NEW
JERSEY DENIAL OF DOLORES
ORTEGA'S RIGHT TO RECEIVE
SURVIVOR BENEFITS AS A
DOMESTIC PARTNER OF
DECEDENT GORDON KONCSOL.

_____

Submitted October 20, 2020 – Decided  November 5, 2020

Before Judges Yannotti, Haas and Mawla.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PRFS No. 3-10-018214.

Mintz & Geftic, LLC, attorneys for appellant Dolores Ortega (Bryan H. Mintz, on the briefs).

Robert S. Garrison, Jr., Director of Legal Affairs, attorney for respondent Police and Firemen's Retirement System of New Jersey (Robert S. Garrison, Jr., on the brief).

PER CURIAM

Appellant Dolores Ortega appeals from a decision of the Board of Trustees (Board) of the Police and Firemen's Retirement System (PFRS) denying her application to receive survivor benefits. The Board held that appellant did not qualify for these benefits because she was not the member's widow under N.J.S.A. 43:16A-1(24)(b). We affirm.

By way of background, "[u]pon the death after retirement of any member of the [PFRS] there shall be paid to the member's widow or widower a pension of 50% of final compensation for the use of herself or himself, to continue during her or his widowhood . . . ." N.J.S.A. 43:16A-12.1(a). If, as in this case, the member is not employed by the State of New Jersey, the term "'widow' . . . means the woman to whom a member or retirant was married on the date of his death and who has not remarried." N.J.S.A. 43:16A-1(24)(b).

However, a non-state employer "may adopt a resolution providing that the term 'widow' as defined in [N.J.S.A. 43:16A-1(24)(b)] shall include domestic partners as provided in" the Domestic Partnership Act (the Act), N.J.S.A. 26:8A-1 to -13. Ibid. In enacting the Act in 2004, the Legislature made clear that it

> discern[ed] a clear and rational basis for making certain health and pension benefits available to dependent domestic partners only in the case of domestic partnerships in which both persons are of the same sex and are therefore unable to enter into a marriage with each other that is recognized by New Jersey law, unlike

> persons of the opposite sex who are in a domestic
> partnership but have the right to enter into a marriage
> that is recognized by State law and thereby have access
> to these health and pension benefits.
>
> [N.J.S.A. 26:8A-2(e) (emphasis added).]

Thus, a member's domestic partner may only qualify for survivor benefits as his "widow" if the domestic partner is "of the same sex" as the member. Ibid. See also N.J.S.A. 26:8A-11 (stating that the provisions of the Act that are applicable to state-administered pension systems, like the PFRS, "only apply in the case of two persons who are of the same sex").[1]

The New Jersey Division of Pension and Benefits (Division) thereafter promulgated a regulation, now recodified as N.J.A.C. 17:1-5.6, to make this point clear. In this regard, N.J.A.C. 17:1-5.6(b)(1) states that "[t]he domestic partner of a member or retiree who is of the opposite sex of the member cannot meet the definition of widow . . . found in . . . N.J.S.A. 43:16A-1, . . . and cannot receive any statutory survivor benefits through the retirement systems." (emphasis added).

---

[1] N.J.S.A. 26:8A-11(b) states that the provisions of N.J.S.A. 26:8A-11(a) "shall not be deemed to be an unlawful discrimination under the" New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49.

With the advent of civil unions in 2007, the Legislature amended the Act because same-sex couples now had a means other than entering a domestic partnership to secure the same benefits as couples who were of the opposite sex. In N.J.S.A. 26:8A-4.1, the Legislature stated that domestic partnerships could no longer be registered after February 19, 2007, "except that two persons who are each 62 years of age or older may establish a domestic partnership. . . ." In October 2013, same-sex marriages were recognized in New Jersey. Garden State Equality v. Dow, 434 N.J. Super. 163 (Law Div. 2013). In its appellate brief, the Board has advised us that because both same-sex couples and opposite-sex couples may now marry, the Division now requires a "widow," regardless of their gender, to have been married to the member in order to qualify for survivor benefits.

With this essential background in mind, we turn to the facts of the present case. PFRS member Gordon Koncsol worked as a firefighter with the City of Perth Amboy. Koncsol retired from this position in November 1994 and received a PFRS pension. At that time, Koncsol was married, but he divorced his former wife in December 1994.

In December 2009, Koncsol submitted a Division "Designation of Beneficiary" form naming appellant as his primary beneficiary for his pension

benefit,[2] as well as for his group life insurance benefit.  The form stated that appellant was Koncsol's domestic partner.[3]

On December 25, 2009, the Division responded by sending Koncsol a letter stating that "[t]he beneficiaries acknowledged by this document took effect on 12/23/2009.  This beneficiary designation supersedes all previous designations."  The Division's letter stated that appellant was the primary life insurance beneficiary and was also the primary last check benefit beneficiary, meaning that appellant would receive Koncsol's last pension check in the event of his death.

However, the letter did not list or acknowledge appellant as Koncsol's pension benefit beneficiary, and it did not state that appellant was entitled to a monthly survivor benefit.  Instead, the letter merely stated that "[t]he pension benefit is a monthly pension determined by the governing statutes regarding

---

[2]  Koncsol listed his children as the contingent beneficiaries for his pension benefit.

[3]  There is nothing in the record indicating that Perth Amboy ever adopted a resolution including same-sex domestic partners in its definition of "widow" as permitted by N.J.S.A. 43:16A-1(24)(c).  However, because Koncsol and appellant were an opposite-sex couple, appellant would not have qualified for a survivor benefit as a widow even if Perth Amboy had enacted such a resolution.

surviving spouse, civil union partners, domestic partners, minor children, disabled children and dependent parents." (emphasis added).

On April 30, 2010, Koncsol entered into an opposite-sex domestic partnership with appellant. Koncsol passed away on September 5, 2018.

Appellant thereafter contacted the Division and asserted that she qualified for a survivor benefit as Koncsol's widow. The Division denied this request because appellant was not married to Koncsol on the date of his death as required by N.J.S.A. 43:16A-1(24)(b).

In response, appellant contacted the Board and asserted that she relied to her detriment on the Division's December 25, 2009 response to Koncsol's designation of beneficiary form in support of her claim that she was entitled to the survivor benefit. Appellant also argued that the Division should exercise its equitable powers to permit her, as Koncsol's domestic partner, to receive the benefit. However, based upon the clear language of N.J.A.C. 17:1-5.6(a), the Board rejected these arguments.

Appellant then asked that the Board transmit the matter to the Office of Administrative Law for a contested case hearing. Because the underlying facts of this case are not in dispute, the Board denied appellant's request for a hearing in a comprehensive decision rendered on July 9, 2019. This appeal followed.

On appeal, appellant raises the same contentions she unsuccessfully pressed before the Board. Appellant again argues that the Board should have been equitably estopped from denying her request for a survivor benefit, and she asserts it is unfair that a same-sex domestic partner might be eligible for this benefit, while she is not because she and Koncsol were an opposite-sex couple. Appellant also contends that the Board should have "liberally interpreted" the governing statutes and regulation to make her eligible for a survivor benefit. We disagree.

Our review of an agency's decision is limited. In re Stallworth, 208 N.J. 182, 194 (2011). "In order to reverse an agency's judgment, [we] must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole.'" Ibid. (second alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). In determining whether agency action is arbitrary, capricious, or unreasonable, our role is restricted to three inquiries:

> (1) whether the agency action violates the enabling act's express or implied legislative policies; (2) whether there is substantial evidence in the record to support the findings upon which the agency based application of legislative policies; and (3) whether, in applying the legislative policies to the facts, the agency clearly erred by reaching a conclusion that could not reasonably have been made upon a showing of the relevant factors.

7

[W.T. v. Div. Med. Assistance & Health Servs., 391 N.J. Super. 25, 35-36 (App. Div. 2007) (quoting Pub. Serv. Elec. & Gas Co. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)).]

Thus, the burden of showing the agency acted in an arbitrary, capricious, or unreasonable manner rests on the party opposing the administrative action. E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 349 (App. Div. 2010) (citing In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006)). It is not the function of the reviewing court to substitute its independent judgment on the facts for that of an administrative agency. In re Grossman, 127 N.J. Super. 13, 23 (App. Div. 1974).

We must also "'defer to an agency's technical expertise, its superior knowledge of its subject matter area, and its fact-finding role,'" and therefore are "obliged to accept all factual findings that are supported by sufficient credible evidence." Futterman v. Bd. of Review, Dept. of Labor, 421 N.J. Super. 281, 287 (App. Div. 2011) (quoting Messick v. Bd. of Review, 420 N.J. Super. 321, 325 (App. Div. 2011)). Although we are not bound by an agency's interpretation of law, we accord a degree of deference when the agency interprets a statute or a regulation that falls "within its implementing and enforcing responsibility. . . ." Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J.

Super. 52, 56 (App. Div. 2001). Our authority to intervene is limited to "those rare circumstances in which an agency action is clearly inconsistent with [the agency's] statutory mission or with other State policy." Futterman, 421 N.J. Super. at 287 (alteration in original) (internal quotation marks omitted).

Furthermore, "[i]t is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" E.S., 412 N.J. Super. at 355 (second alteration in original) (quoting Wnuck, 337 N.J. Super. at 56). "Nevertheless, 'we are not bound by the agency's legal opinions.'" A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009) (quoting Levine v. State Dep't of Transp., 338 N.J. Super. 28, 32 (App. Div. 2001)). "Statutory and regulatory construction is a purely legal issue subject to our de novo review." Ibid. (citation omitted).

Applying these principles, we discern no basis for disturbing the Board's determination that appellant was not entitled to a survivor benefit because she did not qualify as Koncsol's widow at the time of his death under N.J.S.A. 43:16A-1(24)(b). We therefore affirm substantially for the reasons set forth in the Board's thorough written decision and add the following comments.

9

As the Board explained, the Legislature made clear a survivor benefit is only

> available to dependent domestic partners . . . in the case of domestic partnerships in which both persons are of the same sex and [were] therefore unable to enter into a marriage with each other that is recognized by New Jersey law, unlike persons of the opposite sex who are in a domestic partnership but have the right to enter into a marriage that is recognized by State law and thereby have access to these health and pension benefits.
>
> [N.J.S.A. 26:8A-2(e).]

In accordance with the Legislature's policy choice, the Division promulgated N.J.A.C. 17:1-5.6(b)(1) to firmly establish that "[t]he domestic partner of a member or retiree who is of the opposite sex of the member cannot meet the definition of widow . . . found in N.J.S.A. . . . 43:16A-1, and cannot receive any statutory survivor benefits through the retirement system." Based upon the clear language of these statutes and the Division's regulation, appellant plainly did not qualify for a survivor benefit.

Under these circumstances, appellant's equitable estoppel argument is unavailing. "Equitable estoppel is 'rarely invoked against a governmental entity[,]'" Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Twp. of Middletown, 162 N.J. 361, 367 (2000) (quoting Wood v. Borough of Wildwood Crest, 319 N.J. Super. 650, 656 (App. Div. 1999)), particularly when

10

estoppel would interfere with "essential governmental functions." <u>Vogt v. Belmar</u>, 14 N.J. 195, 205 (1954). The doctrine of equitable estoppel requires proof of

> a misrepresentation or concealment of material facts known to the party allegedly estopped and unknown to the party claiming estoppel, done with the intention or expectation that it will be acted upon by the other party and on which the other party does in fact rely in such a manner as to change his [or her] position for the worse . . . .
>
> [<u>Carlsen v. Masters, Mates & Pilots Pension Plan Tr.</u>, 80 N.J. 334, 339 (1979).]

The reliance must be "reasonable and justifiable" and the burden of proof is on the party asserting the estoppel. <u>Foley Mach. Co. v. Amland Contractors, Inc.</u>, 209 N.J. Super. 70, 75-76 (App. Div. 1986).

Appellant cannot meet these requirements. Contrary to appellant's contentions, the Division's December 25, 2009 letter did not state that she qualified for a survivor benefit. Instead, it made clear that the pension benefit would be "determined by the governing statutes regarding surviving spouses [and] domestic partners. . . ." As discussed above, the applicable statutes and regulation clearly state that only domestic partners who are of the same sex are eligible for the survivor benefit. There is nothing in the record to indicate that

11

appellant relied to her detriment on any incorrect information provided to her by the Division.

Contrary to appellant's contention, the statutory and regulatory scheme did not discriminate against her on the basis of her gender. Because she and Koncsol were of opposite sexes, they were free to marry, which would have enabled her to qualify for the survivor benefit. On the other hand, same-sex couples could not marry when the Act went into effect and, therefore, the Legislature wanted to provide a mechanism limited to them in the Act to ensure that these individuals would have the same right to this benefit as an opposite-sex couple. Thus, there was "a clear and rational basis" underlying the Legislature's decision to "mak[e] certain health and pension benefits available to dependent domestic partners only in the case of domestic partnerships in which both persons are of the same sex . . . ." N.J.S.A. 26:8A-2(e).

We also reject appellant's argument that the Board acted in an arbitrary manner by declining to expansively interpret the definition of "widow" to include her status as a domestic partner. It is well established that a person deemed eligible for benefits is entitled to a liberal interpretation of the pension statutes, Krayniak v. Bd. of Trs., 412 N.J. Super. 232, 242 (App. Div. 2010), because "pension statutes are 'remedial in character' and 'should be liberally

construed and administered in favor of the persons intended to be benefitted thereby.'" Klumb v. Bd. of Educ. of Manalapan-Englishtown Reg. High Sch. Dist., 199 N.J. 14, 34 (2009) (quoting Geller v. Dep't of Treasury, 53 N.J. 591, 597-98 (1969)).

However, these interpretive principles do not apply to eligibility determinations. Krayniak, 412 N.J. Super. at 242. In light of the fiduciary duties imposed on fund administrators, pension fund eligibility "must be carefully interpreted so as not to 'obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.'" Id. at 242 (alteration in original) (quoting Chaleff v. Teachers' Pension & Annuity Fund Trs., 188 N.J. Super. 194, 197 (App. Div. 1983)).

The issue here was eligibility for a specific benefit. Because appellant was not eligible for a survivor benefit, the rule of liberal construction does not apply.

To the extent that any of appellant's remaining contentions are not specifically addressed herein, we have concluded that they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5501-18T1