**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0627-23

LOUIS T. MADDEN,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted November 13, 2024 – Decided January 8, 2025

Before Judges Gilson and Firko.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx9642.

Stayton Law, LLC, attorneys for appellant (Herbert J. Stayton, Jr., on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Matthew Melton, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Louis T. Madden appeals from a final administrative determination of the Board of Trustees of the Public Employees' Retirement System (the Board) denying his application for accidental disability retirement (ADR) benefits. Petitioner, a former emergency medical technician (EMT) and volunteer firefighter, sustained serious injuries while at the scene of a fire on December 6, 2019. The Board found "that the disabling incident did not occur during and as a result of [petitioner's] regular or assigned duties as an EMT with Pennsauken Township, but rather while he was engaged in his duties as a Volunteer Firefighter." Accordingly, the Board rejected petitioner's application for ADR benefits and granted him ordinary disability retirement (ODR) benefits. We reverse and remand for an evidentiary hearing before the Office of Administrative Law (OAL) because there is a disputed issue of material fact as to whether petitioner's injury occurred during and as a result of his regular or assigned duties as an EMT.

I.

We summarize the facts from the administrative record, as well as an affidavit petitioner submitted. The Board points out that petitioner's affidavit was submitted as part of this appeal and was not in the record below. Although

2

we recognize that petitioner should have moved to supplement the record under Rule 2:5-5(b),[1] we will supplement the record and consider the affidavit because, as will be explained, the Board initially sent this matter to the OAL for a contested hearing, but then withdrew the matter and did not give petitioner an opportunity to fully develop the record.

Petitioner began working as a part-time EMT for the Township of Pennsauken (the Township) in 1997. In 2000, he became a full-time EMT and enrolled in the Public Employees' Retirement System (the PERS) as an EMT.

Sometime in 2006 or 2007, petitioner began working as a volunteer firefighter for the Township. Petitioner asserts that, beginning in 2016, he began being paid for his firefighting services. He also contends that the Township issued him a firefighting uniform with EMT patches, and he had access to emergency medical equipment on each firefighting vehicle. So, petitioner claims that anytime he was "dispatched to a fire scene after 2016 . . . [he] went in [his] dual capacity as a firefighter and an [EMT]."

---

[1] Rule 2:5-5(b) states: "if it appears that evidence unadduced in the proceedings below may be material to the issues on appeal, the appellate court . . . may order, on such terms as it deems appropriate, that the record on appeal be supplemented by the taking of additional evidence . . . ."

A-0627-23

On December 6, 2019, petitioner sustained injuries while at the scene of a fire. Specifically, petitioner was injured when he was struck in the face by a sixteen-foot aluminum ladder that he was moving. The Pennsauken Township Fire Department completed a "First Report of Injury" form on petitioner's behalf. The form, in relevant part, listed petitioner's employer as "Pennsauken Township (Fire Department)," his occupation as "Firefighter," his department as "Pennsauken Fire," his employment status as "Volunteer Worker," and his wage rate as "$0" per hour.

On March 25, 2021, petitioner filed an application for ADR benefits pursuant to N.J.S.A. 43:15A-43. In support of petitioner's application, David Weiss, D.O. completed a "Medical Examination By Personal Or Treating Physician" form and noted that petitioner was "permanently and totally disabled as a direct result of an accident that occurred during the performance of [his] regular assigned duties."

On November 17, 2021, the Board considered and denied petitioner's ADR application on the grounds that his "disability [was] not a direct result of the [December 6, 2019] incident." Nevertheless, the Board granted petitioner ODR benefits. Petitioner administratively appealed the denial of his application for ADR benefits and the matter was referred to the OAL for a contested hearing.

A-0627-23

While his matter was pending with the OAL, the Board requested that petitioner be re-evaluated by an orthopedic specialist. Based on the re-evaluation, the Board "reversed its previous finding and determined that [petitioner's] disability [was] a direct result of the incident on December 6, 2019." The Board, however, also found that "the disabling incident did not occur during and as a result of [petitioner's] regular or assigned duties as an [EMT] . . . but rather while he was engaged in his duties as a Volunteer Firefighter." Accordingly, on March 17, 2023, the Board determined that petitioner was not entitled to ADR benefits. The Board then requested that the matter be withdrawn from the OAL pursuant to N.J.A.C. 1:1-19.2(a).

On September 21, 2023, the Board issued a final administrative determination containing its factual findings and conclusions of law. The Board finalized its position that petitioner was ineligible for ADR benefits, explaining that the language of N.J.S.A. 43:15A-43 and relevant case law, including Richardson v. Bd. of Trustees, Police and Firemen's Ret. Sys., 192 N.J. 189 (2007), required that the qualifying incident occur "during and as a result of the member's regular or assigned duties." The Board also highlighted the "First Report of Injury" form as proof that "the documentation in the record establishes

that [petitioner] was injured performing his duties [as] a Township Volunteer Firefighter and not his EMT duties."

Petitioner now appeals from the Board's final administrative determination.

II.

On appeal, petitioner argues that the Board's finding that he was ineligible for ADR benefits should be reversed and the matter should be remanded for a hearing before the OAL. He contends that there is a material issue of disputed fact concerning whether he was disabled during the course of his public employment. In support of his argument, petitioner contends that state pension statutes are remedial and should be construed in favor of public employees, and that he was deprived of procedural due process on the issue of his entitlement to ADR benefits.

An appellate court's review of an administrative agency determination is limited. In re Carter, 191 N.J. 474, 482 (2007); McKnight v. Bd. of Rev., Dep't of Lab., 476 N.J. Super. 154, 162 (App. Div. 2023). We will sustain an administrative agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." McKnight, 476 N.J. Super. at 162 (quoting In re Herrmann, 192 N.J. 19, 27-28

(2007)).  Under that standard, the scope of appellate review is guided by three major inquiries:  (1) whether the agency's decision conforms with relevant law; (2) whether the agency's decision is supported by substantial, credible evidence in the record; and (3) whether in applying the law to the facts, the administrative agency "clearly erred" in reaching its conclusion.  Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).  The party challenging the administrative action bears the burden of showing that the agency's decision did not meet that standard. Lavezzi v. State, 219 N.J. 163, 171 (2014).

Petitioner is a member of the PERS, N.J.S.A. 43:15A-1 to -161.  The PERS provides for both ODR benefits, N.J.S.A. 43:15A-42, and ADR benefits, N.J.S.A. 43:15A-43.  Recipients of ADR benefits receive significantly greater benefits than recipients of ODR benefits.  Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 43 (2008) (citing Richardson, 192 N.J. at 194 n. 2).

A claimant seeking ADR benefits must prove five facts:

1. that he [or she] is permanently and totally disabled;

2. as a direct result of a traumatic event that is

   a. identifiable as to time and place,
   b. undesigned and unexpected, and

c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);

3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;

4. that the disability was not the result of the member's willful negligence; and

5. that the member is mentally or physically incapacitated from performing his [or her] usual or any other duty.

[Richardson, 192 N.J. at 212-13.]

Here, the parties dispute the third fact, whether "the traumatic event occurred during and as a result of [petitioner's] regular or assigned duties." Id. at 213. The New Jersey Supreme Court explained that regularly assigned duties include "all activities engaged in by the employee in connection with his or her work." Kasper v. Bd. of Trs. of the Tchr.'s Pension and Annuity Fund, 164 N.J. 564, 585-86 (2000).

As an initial matter, petitioner's first argument that pension statutes are remedial and should be liberally construed in favor of public employees is inapplicable to the issue on this appeal. Petitioner correctly cites to Bumbaco v. Bd. of Trustees of the Public Employees' Ret. Sys., 325 N.J. Super. 90, 94 (App. Div. 1999) concerning the "well-settled proposition that since pension

laws are remedial social legislation, they must be liberally construed in favor of the persons intended to be benefitted thereby." After Bumbaco was issued, however, we clarified that "'eligibility is not to be liberally permitted.'" Krayniak v. Bd. of Trs., 412 N.J. Super. 232, 242 (App. Div. 2010) (quoting Smith v. Dep't of Treas., 390 N.J. Super. 290, 213 (App. Div. 2007)). Instead, "[g]uidelines for determining pension fund eligibility 'must be carefully interpreted so as not to obscure or override considerations of . . . a potential adverse impact on the financial integrity of the [f]und.'" Ibid. (quoting Smith, 390 N.J. Super. at 213) (internal quotation marks omitted). The issue in dispute here, whether the traumatic event occurred during and as a result of petitioner's regular or assigned duties, is a matter of pension fund eligibility. So, petitioner's public policy argument is unconvincing.

Accordingly, we focus on petitioner's second argument that he was deprived of procedural due process because the Board made a factual finding on a disputed material issue. An "agency's statutory obligation must concur with its constitutional obligation." Rivera v. Bd. of Rev., N.J. Dep't of Lab., 127 N.J. 578, 587 (1992). Under the United States and New Jersey Constitutions, no person may be deprived of property or liberty absent due process of law. Thomas Makuch, LLC v. Twp. of Jackson, 476 N.J. Super. 169, 184-85 (App.

Div. 2023) (citing <u>Doe v. Poritz</u>, 142 N.J. 1, 99 (1995)). Due process requires the state to provide "notice and an opportunity for hearing appropriate to the nature of the case." <u>Rivera</u>, 127 N.J. at 583.

The Board is tasked with the responsibility of determining whether qualified applicants are entitled to receive disability retirement benefits. <u>See</u> N.J.S.A. 43:16A-13. Pursuant to N.J.A.C. 17:1-1.3(a), an applicant may request a hearing in the event he or she disagrees with a Board decision. The Board must then decide "whether to grant an administrative hearing based upon the standards for a contested case hearing set forth in the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., and the Uniform Administrative Procedure Rules, N.J.A.C. 1:1." N.J.A.C. 17:1-1.3(e).

A "contested case" refers to "a proceeding . . . in which the legal rights, duties, obligations, privileges, benefits or other legal relations of specific parties are required . . . by statute to be determined by an agency by decisions, determinations, or orders." N.J.S.A. 52:14B-2. Nevertheless, "not every factual dispute need be referred to OAL as a contested case." <u>J.D. ex rel. D.D.H. v. N.J. Div. of Dev. Disabilities</u>, 329 N.J. Super. 516, 525 (App. Div. 2000). <u>See also</u> <u>Frank v. Ivy Club</u>, 120 N.J. 73, 98 (1990) (explaining that "[t]he mere existence of disputed facts is not conclusive. An agency must grant a plenary hearing only

if material disputed adjudicative facts exist.") (citing <u>Bally Mfg. Corp. v. Casino Control Comm'n</u>, 85 N.J. 325, 334 (1981)).

N.J.A.C. 17:1-1.3 provides that:

> (g) If the granted appeal involves solely a question of law, the Board . . . may retain the matter and issue a final determination, which shall include detailed findings of fact and conclusions of law, based upon the documents, submissions and legal arguments of the parties . . . .
>
> (h) If the granted appeal involves a question of facts, the Board . . . shall submit the matter to the [OAL].

In this matter there is a material adjudicative fact in dispute. Whether petitioner's injury occurred during and as a result of his regular or assigned duties as an EMT is material because it was the basis for the Board's denial of his application for ADR benefits. Petitioner contends that anytime he was "dispatched to a fire scene after 2016 . . . [he] went in [his] dual capacity as a firefighter and an [EMT]." Additionally, he points to the fact that the Township issued him a firefighting uniform with EMT patches and that he had access to emergency medical equipment on each firefighting vehicle.

He also points to the "State of New Jersey Job Descriptions" for EMT and EMT, U.F.D. The job description for an EMT makes no reference to fires or firefighting activities. The job description for an EMT, U.F.D., however,

includes "answers fire alarms and assists in extinguishing fires" and lists "[p]articipates in firefighting operations" as an example of work. Moreover, the definitional note on the job description for EMT states that "all duties performed on the job may not be listed." Therefore, there is a disputed issue of whether petitioner can demonstrate a connection between his EMT work and firefighting work.

Accordingly, petitioner was entitled to an evidentiary hearing in the OAL before an administrative law judge. We, therefore, reverse the Board's September 21, 2023 decision and remand this matter with direction that it be sent to the OAL for a contested hearing. In doing so, we express no view on whether petitioner can establish that he was disabled during the course of his regular duties; rather, we leave that issue for a factual resolution on a complete record.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0627-23